# GEO. K. HUBBARD & CO. v. TENBROOK & BRO.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 14, 1889—Decided February 25, 1889.

1. Where one is put forward to conduct a separate business in his own name, but with the property and as the agent of an undisclosed principal, the latter may not escape liability for goods sold to the agent in the course of the business, by a limitation upon the agent's authority to purchase.

2. If, in an action for goods sold, the statement of claim be defective in that it does not contain an averment of delivery, the defect will be cured by a bill of particulars averred to be a copy of the plaintiff's books of original entry, which import a delivery: the procedure act of May 25, 1887, P. L. 271, criticised.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 408 January Term 1888, Sup. Ct.; court below, No. 632 December Term 1887, C. P. No. 3.

On February 4, 1888, William H. Tenbrook and Philip Tenbrook, trading as Tenbrook & Brother, brought assumpsit

Statement of Facts.

against George K. Hubbard and J. Quincy Adams, trading as George K. Hubbard & Co., and on February 23, 1888, filed the following statement of claim, verified by the affidavit of a member of the plaintiff firm, to wit:

"The plaintiffs declare and aver that they have a just and true claim against the defendants for the sum of one hundred and forty-five dollars and ninety-six cents ($145.96), with interest thereon from November 9, 1887, for goods sold and delivered, and which claim is of the following nature and character, to wit:

"From September 7, 1887, to November 9, 1887, one Thomas B. Sides, who kept a grocery store at 3504 Haverford avenue, Philadelphia, purchased from the plaintiffs hams upon the times and in the amounts mentioned in the copy of the book account of the plaintiffs, hereto attached, and which is a true copy of the books of original entry of the plaintiffs. As will be seen by the same the goods were charged to the said Sides, he being the only principal known to the plaintiffs in the matter.

"Your deponents have been informed and believe and aver that upon December 15, 1887, the defendants, George K. Hubbard & Co., caused a warrant to be issued for the arrest of the said Thomas B. Sides upon the charge of embezzlement, having alleged to the magistrate who issued the warrant that the grocery store at 3504 Haverford avenue, and its contents, was their property, and, since its opening about two years and a half prior to that time, had been conducted in their interest by the said Thomas B. Sides, who was simply their employee, and who received compensation from them for his said services, and that the said Sides had removed the contents of said store to some unknown place with intent to defraud them, etc.

"The said Sides was duly arrested upon said charge, and after a public hearing before the said magistrate upon the same was held by him to answer the charge as aforesaid at court.

"The plaintiffs therefore declare and aver that the said Thomas B. Sides, to whom they sold the said goods, was but the agent of the defendants, and that the said defendants were the real principals in the matter, undisclosed at the time of sale and delivery but now disclosed by their own actions as such principals, and therefore liable according to law to the said plaintiffs for their claim as aforesaid."

The copy of the book-account attached to the foregoing statement contained the following entries charged to Thos. B. Sides, to wit:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Sept. 7, 15 hams, | 234, 13½ | . | . | . | . | $31 | 59 |
| " 14, 15 " | 235, 13 | . | . | . | . | 30 | 55 |
| " 28, 15 " | 189, 13 | . | . | . | . | 24 | 57 |
| Oct. 19, 12 " | 174, 12½ | . | . | . | . | 21 | 75 |
| " 26, 13 " | 160, 12½ | . | . | . | . | 20 | 00 |
| Nov. 9, 12 " | 140, 12½ | . | . | . | . | 17 | 50 |

$145 96

On March 5, 1888, the defendants filed an affidavit in which, as a defence to the whole of the plaintiffs' claim as set forth in the statement filed, it was averred in substance as follows:

That Thomas B. Sides, who is named in said statement, did not keep a grocery store at No. 3504 Haverford Road, Philadelphia, as the agent for the said defendants; that the said plaintiffs did not sell and deliver the said hams to said Sides at No. 3504 Haverford Road as the agent for said defendants, nor did the said Sides have any authority or direction to purchase the said hams from the said plaintiffs, nor had the defendants any knowledge that the said Sides had bought the said hams from the plaintiffs; that if the plaintiffs sold the hams mentioned in their said statement to the said Sides, they sold the same to him as principal and upon his own credit and not as the agent of the said defendants; that the statement filed in the case is not sufficient to entitle the plaintiff to judgment for want of a sufficient affidavit of defence because it does not appear that the said hams were ever delivered by the said plaintiffs; all of which the deponent says the defendants expect to be able to prove upon the trial of the case.

On March 7, 1888, a rule for judgment for want of a sufficient affidavit of defence was taken, and on March 16th, the defendants filed a supplemental affidavit in which it was averred, in substance:

That the said Thomas Sides, named in the statement filed as the agent of the defendants, was employed by them as a salesman at the defendants' place of business, No. 3506 Haverford Road, and not at 3504 Haverford Road, as given in said

statement; that said Sides was not the agent of defendants to purchase from the plaintiffs or any one else the hams alleged to have been sold to him; that Sides was employed as salesman only by the defendants, without any authority whatever to act for or bind the defendants for the purchase of any goods or merchandise upon the defendants' credit.

On March 17, 1888, the court, REED, J., made absolute the rule for judgment for want of a sufficient affidavit of defence, and thereupon the defendants took this writ, assigning the order entering judgment as error.

*Mr. Joseph L. Tull*, for the plaintiffs in error:

1. It was specially stated in the affidavit of defence that Sides' employment was as salesman only, and it was also denied that he had any authority or power to make purchases on the credit of the firm by which he was employed. This being the extent and limitation of his authority to act for the defendants, the burden of proving his authority in making the purchases rested upon the plaintiffs: Hays v. Lynn, 7 W. 524; Amer. Underwriter's Ass'n v. George, 97 Pa. 241; Central Pa. Tel. Co. v. Thompson, 112 Pa. 133; Amer. L. Ins. Co. v. Shultz, 82 Pa. 46.

2. A mere agency to buy goods, does not imply such an agency as authorizes a purchase on credit, and where a special agent is employed in a single transaction, those dealing with him must look to his authority or abide the consequences: Wharton on Agency, § 189; Koromowski v. Krumdick, 56 Wis. 23; Lang v. Butler, 37 Hun 144.

*Mr. Joseph deF. Junkin*, for the defendants in error:

The defendants having allowed Thomas Sides to conduct their store as his own and in his own name, they are bound by whatever he did in the ordinary course of the business, as the apparent and ostensible principal thereof, so held out by them to the world. As such acting principal, Sides was given the power to purchase on credit such articles as were customary and necessary for its due maintenance, and no matter what their secret instructions, by vesting him with such public and unlimited control, the defendants became liable. No case

exactly similar has been found, but, to hold a contrary doctrine would be subversive of every principle of right: Iron Co. v. Smith, 66 Pa. 343; Wharton on Agency, § 469.

OPINION, MR. JUSTICE MITCHELL:

This case affords one among many examples of the failure of the so called reformed procedure to accomplish anything towards the brevity, the clearness, the accuracy, or the convenience of legal forms.   So long as the fundamental principle of our remedial jurisprudence shall be, that upon conflicting evidence the jury shall ascertain the facts, and upon ascertained facts the judges shall pronounce the law, so long will it be a cardinal rule of pleading, by whatever name pleading shall be called, that the line of distinction between facts and the evidence to prove them, shall be kept clear and well defined.   The notion of the reforming enthusiast that the average litigant or his average lawyer can make a shorter, clearer, or less redundant statement of his case if left to his own head, than if directed and restrained by the settled forms, sifted, tested, and condensed as they have been by generations of the acutest intellects ever devoted to a logical profession, is as vain as that of any other compounder of panaceas.

The plaintiff's statement is at least three times as long as a declaration in the established forms need have been, and about half of it is occupied not with the averment of facts, but with a recital of evidence.   Indeed the strongest argument for the defendants is that the statement fails to aver two essential facts, to wit, the delivery of the goods to Sides, and the agency of Sides for the defendants as his undisclosed principals.

Fortunately for the plaintiff his statement is helped out as to the first fact, by the bill of particulars, which, being sworn to be a copy of his book of original entry, imports delivery as well as sale.   The agency, though stated in the objectionable form of an inference from the previously recited evidence, is clearly intended to be averred and may fairly be so treated.

Taking the statement therefore in its plain intent, it sets out that plaintiff sold and delivered a quantity of hams to one Sides, who was conducting a grocery business in his own name but with the property and as the agent of defendants.   The defendants filed an affidavit of defence, and a supplementary

one, the substance of which is that " Sides was not the agent of defendants to purchase from plaintiffs or any one else," and that he " was employed as salesman only, by said defendant, without any authority whatever to act for or bind defendants for the purchase of any goods or merchandise upon credit of the said defendants." We have thus the question presented whether an agent may be put forward to conduct a separate business in his own name, and the principal escape liability by a secret limitation on the agent's authority to purchase.

The answer is not at all doubtful. A man conducting an apparently prosperous and profitable business obtains credit thereby, and his creditors have a right to suppose that his profits go into his assets for their protection in case of a pinch or an unfavorable turn in the business. To allow an undisclosed principal to absorb the profits, and then when the pinch comes, to escape responsibility on the ground of orders to his agent not to buy on credit, would be a plain fraud on the public.

No exact precedent has been cited. None is needed. The rule so vigorously contended for by the plaintiff in error that those dealing with an agent are bound to look to his authority, is freely conceded, but this case falls within the equally established rule that those clothing an agent with apparent authority, are, as to parties dealing on the faith of such authority, conclusively estopped from denying it.

The affidavits set up no available defence, and the judgment is affirmed.