ERNST et al. v. HARRISON.

(Supreme Court, Appellate Term. January 25, 1904.)

1. AGENCY—UNDISCLOSED PRINCIPAL—PURCHASE OF GOODS.

Where goods were delivered on the order of defendant's son at the premises where defendant was, and had long been, conducting a business in her son's name, she was liable therefor.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Carl Ernst and another against Judas Harrison. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS. JJ.

House, Grossman & Vorhaus, for appellant.
Henry Leray Maxson, for respondents.

MacLEAN, J. Goods for which recovery is sought in this action were delivered upon the order of the defendant's son at the premises 341 Fifth avenue, where the defendant was conducting, as admittedly she for three years had been, a photographic business in her son's name. Under the circumstances, she well may not escape responsibility for the apparent authority in the son to purchase articles suitable

¶ 1. See Principal and Agent, vol. 40, Cent. Dig. § 514.

for the business so and then and there carried on. "A man conduct-
ing an apparently prosperous and profitable business obtains credit
thereby, and his creditors have a right to suppose that his profits go
into his assets, for their protection in case of a pinch or an unfavor-
able turn in the business. To allow an undisclosed principal to ab-
sorb the profits, and, when the pinch comes, to escape responsibility
on the ground of orders to his agent not to buy upon credit, would
be a plain fraud upon the public." Mitchell, J., in Hubbard v. Ten
Brook, 124 Pa. 291, 296, 16 Atl. 817, 2 L. R. A. 823, 10 Am. St. Rep.
585. In that declaration "man" may be supplanted by "woman," in
deference to the present doctrine of the economics of women. The
judgment should be affirmed.

Judgment affirmed, with costs. All concur.