## Mook et al. v. Janowitch et al.

*George Ellis* and *John F. Whalen*, for plaintiffs.

*James Gallagher*, for defendants.

HICKS, J., Feb. 17, 1930.—The plaintiff in this case has sued the defendants upon a book account, of which a true and correct copy is attached to and made part of the statement of claim. The defendant has obtained a rule to strike off the plaintiff's statement as not conforming to the requirements of the Practice Act of May 14, 1915, § 9, P. L. 483, in that it fails to set forth whether the contract between the parties was oral or written.

Section 9 of the Practice Act provides: ". . . In actions on contracts, it [the statement of claim] shall state whether the contract was oral or in writing. . . ." There is some diversity of view throughout the state in the county court decisions about the necessity of this averment in suits upon book accounts.

The view that the averment, whether or not the contract sued upon was oral or written, in suits upon book accounts, is necessary, is set out in the case of International Clay Machine Co. *v.* Keystone Clay Co., 29 Dist. R. 753, in which the court held: "An action on a book account is clearly on contract. The statute does not distinguish between an expressed and an implied but only between an oral and a written contract. . . . and the statement should clearly set out whether the contract in suit was oral or in writing. A purchase over a counter at a store makes an oral contract. A purchase by correspondence makes a written contract." This case was followed in the cases of Binghampton Ice Cream Co. *v.* Nicholas, 2 D. & C. 603, and Spector et al. *v.* Walcot Manuf. Co., 10 D. & C. 333. The cases of Stabinsky *v.* King, 18 Schuyl. Legal Rec. 227, and Philadelphia Gear Co. *v.* Climax Machine Co., 29 Dist. R. 493, cited by counsel for the rule as supporting the view set out in International Clay Machine Co. *v.* Keystone Clay Co., *supra*, do not apply, since both cases were suits not upon a book account but upon a contract.

This court has previously passed upon this question in the case of Bartlett Garages, Inc., *v.* Charles F. Kaier, 15 Schuyl. Legal Rec. 81, Berger, J., wherein this court held: "This is an action upon a book account. It is not an action upon an express agreement, either oral or written, and, therefore, does not fall within the provisions of section 9 of the Practice Act of 1915. . . . As previously stated, in our opinion, the cause of action is not founded upon a contract. If it were and the plaintiff had failed to state whether it was oral or in writing, advantage of the defect could only have been taken by a motion to strike the plaintiff's statement from the record, in pursuance of section 21 of the Practice Act." This case was followed by Endlich, P. J., in the case of Hine *v.* Horn, 30 Dist. R. 499, wherein it was held: "Charges made in a book of original entry import both sale and delivery of the goods to the defendant: Hubbard *v.* Tenbrook, 124 Pa. 291, 295, and it is that which in a suit upon a book account constitutes the plaintiff's cause of action.

Except what the law implies, there is no contract, written or oral, about it, and, therefore, there is nothing to be averred on the subject under the above provisions of the Practice Act." Bartlett Garages, Inc., v. Charles F. Kaier, *supra*, is also followed in the cases of Myers Accessory House v. Campbell, 10 D. & C. 396; Raub Supply Co. v. Forrest, 5 D. & C. 678; Austin-Western Road Machinery Co. v. Herr et al., 9 D. & C. 290, and Steinman v. Lenig, 11 D. & C. 214. Following our former decision in Bartlett Garages, Inc., v. Charles F. Kaier, *supra*, we must discharge the rule.

And now, Feb. 17, 1930, the rule to show cause why the statement of claim filed in this case should not be stricken from the record is hereby discharged, and the defendant is allowed fifteen days from this date in which to file an affidavit of defense to the statement of claim.

From M. M. Burke, Shenandoah, Pa.