[No. 9300.     Department Two.—March 24, 1886.]

## A. E. WOODSUM, APPELLANT, *v.* DELOS COLE, RESPONDENT.

PROMISSORY NOTE — TRANSFER AFTER MATURITY — TITLE OF TRANSFEREE. — The transferee of a promissory note, after its maturity, is not an indorsee in due course of business, and does not acquire an absolute title thereto, so that it is valid in his hands, notwithstanding a defect in the title of ·the transferer.

ID. — ACTION BY HOLDER — OWNERSHIP AND RIGHT OF POSSESSION — EVIDENCE. — To entitle the holder of a promissory note to maintain an action thereon, he must be the legal owner, and have the right of possession, and his ownership must be sufficient to protect the maker from a subsequent recovery against him.· In such an action, the defendant may show that the plaintiff paid no consideration for the note and is not the legal owner of it.

ID. — ESTOPPEL — EVIDENCE. — On a review of the evidence, *held*, that the defendant was not estopped to dispute the ownership of the note by the plaintiff.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion.

*S. O. Houghton*, for appellant.

*C. D. Wright*, and *S. F. Leib*, for respondent.

BELCHER, C. C.—This is an action to recover the amount due on a promissory note.

The‧ plaintiff sues as indorsee of the note, and the defendant, by his answer, denies that the plaintiff has any right or title to the note, or any interest in the money due thereon; and alleges that one A. C. Wood-

sum, the payee named therein, is the owner of the note and entitled to receive payment thereof, and that before the commencement of this action and since, he had directed the defendant not to pay the same to any person other than himself; and further, that A. C. Woodsum had extended the time of payment, and the note was not due or payable when the action was commenced.

It appears from the record that the note was dated October 2, 1880, and was payable to the order of A. C. Woodsum, ninety days after its date. It was really the property of Abby F. Woodsum, wife of the payee, and shortly after he received it he indorsed it in blank and delivered it to her. She retained it for some time, and then delivered it back to him, to hold and collect as her agent.

Afterward, about the 10th or 12th of March, 1881, at his request, and while he was holding the note, V. B. Woodsum indorsed his name upon the back of it, and A. C. Woodsum then borrowed some money of other parties, and used the note as collateral security. This loan was paid, and the note returned. After that, A. C. Woodsum delivered the note to V. B. Woodsum, and directed him to see Cole, the maker, and get the money due on it if he was ready to pay, but he gave him no authority to institute any action upon it. V. B. Woodsum reported that he had seen Cole, and that Cole had no money just then, and was not ready to pay. Subsequently, but before this action was commenced, A. C. Woodsum saw Cole, and told him he could have until January 1, 1883, in which to pay the note.

No consideration ever passed from V. B. Woodsum to A. C. Woodsum for the note, but while he held it, as above stated, he delivered it to his wife, who is the plaintiff here.

The plaintiff was called as a witness in her own behalf, and testified that she received the note in March or April, 1881, and that ever since then it had been in her

possession or in that of her attorney.  On cross-examination she was asked if any money was paid by her at the time she received the note; and the question was objected to as irrelevant and immaterial.  The objection was overruled, and thereupon she answered that "the note was delivered to her by V. B. Woodsum, in part payment of a sum of money owing by him; but no money was paid by me."

Upon the facts the court below was of the opinion that the plaintiff was not entitled to recover, and thereupon judgment was rendered in favor of the defendant. The appeal is from the judgment and an order denying a new trial.

1. It is clear that V. B. Woodsum was not the owner of the note, and was never authorized to do anything with it, except to see Cole and receive the money, if he was ready to pay it.  It is equally clear, as the note was overdue when it was delivered to plaintiff, that she was not "an indorsee in due course," and so did not acquire an absolute title thereto, so that it was valid in her hands, notwithstanding any defect in the title of the person from whom she acquired it.  (Civ. Code, secs. 3123, 3124.)

2. If the plaintiff has any right which she can assert to the note, it must be because she obtained it under such circumstances as estop the true owner from claiming it as against her.  The principle is well established that "where the true owner holds out another, or allows him to appear as the owner of or as having full power of disposition over the property, and innocent third parties are thus led into dealing with such apparent owner, they will be protected.  Their rights in such cases do not depend upon the actual title or authority of the party with whom they deal directly, but are derived from the act of the real owner, which precludes him from disputing, as against them, the existence of the title or power, which, through negligence or mistaken

confidence, he caused or allowed to appear to be vested in the party making the conveyance." (*McNeil* v. *Tenth National Bank*, 46 N. Y. 325; *Brewster* v. *Sime*, 42 Cal. 147; *Barstow* v. *Savage M. Co.*, 64 Cal. 388; *Chase* v. *Whitmore*, 68 Cal. 545.)

But we are unable to see how the plaintiff can avail herself of this principle. There is nothing to show that she was an innocent purchaser of the note. No attempt was made to prove that when she took it she had not full knowledge of all the circumstances under which, and the purposes for which, V. B. Woodsum held it. The burden was upon her to show her innocence and good faith, and that was not accomplished by the mere production of the note and showing when and from whom she obtained it.

3. In this state actions must be prosecuted in the name of the real party in interest. (Sec. 367, Code Civ. Proc.) To entitle a party to maintain an action upon a promissory note, he must be the legal owner, and have the right of possession of the instrument; and such ownership must be sufficient to protect the defendant upon a recovery against him from a subsequent action. It was competent, therefore, for the defendant to show, if he could, that the plaintiff paid no money for the note, and was not the legal owner of it. (*Hays* v. *Hathorn*, 74 N. Y. 486; *Towne* v. *Wason*, 128 Mass. 517.)

4. The findings are sufficient, and we think the judgment and order should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.