[L. A. No. 1240.   Department One.—June 9, 1904.]

## J. M. DOVER, Appellant, v. PITTSBURG OIL COMPANY, and E. A. BAER, Respondents.

CORPORATION—TRANSFER OF CERTIFICATES OF STOCK—INDORSEMENT BY OSTENSIBLE AGENT — RATIFICATION — ESTOPPEL — BONA FIDE PURCHASERS.—Where the owner of certificates of stock ratified an indorsement thereof in his name by an ostensible agent, and informed the secretary of the corporation that the indorsement was all right, the principal is bound by the indorsement, and is chargeable with knowledge that the indorsement gave the *indicia* of ownership to the holder of the certificates, and is estopped to deny the agency as against *bona fide* purchasers for value, to one of whom the stock was transferred on the books of the corporation by the secretary, who acted upon faith of the statement made to him by the principal.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

J. W. Ahern, George Flournoy, Jr., and A. I. McCormick, for Appellant.

J. W. Wiley, for Pittsburg Oil Company, Respondent.

Laird & Packard, for E. A. Baer, Respondent.

VAN DYKE, J.—This is an action in equity brought by the plaintiff claiming to be the owner of twenty-nine hundred and twenty shares of the capital stock of the defendant the Pittsburg Oil Company, a corporation, and to compel said corporation to recognize the plaintiff as such owner and holder of said stock, and to place his name upon the stock-books of said corporation as the owner of the same, and to issue to him new certificates therefor, and to have the court declare the defendant E. A. Baer not the owner of said stock, nor of the certificates representing the said stock, and to have the court compel said defendant Baer to surrender up and cancel the certificates he holds representing said stock.

The court below found the facts of the case to be, that

prior to August 1, 1900, plaintiff was the owner of stock in
the defendant corporation to the amount of twenty-nine hun-
dred and twenty shares, of the par value of one dollar per
share, which stock was evidenced by two certificates issued
by said corporation, one for twenty-eight hundred shares,
and the other for one hundred and twenty shares. That on
or about August 1, 1900, and while said plaintiff was the
owner of said stock, Jesse B. Dover, a brother of plaintiff,
took possession of said certificates of stock, and, without
knowledge of plaintiff, hypothecated the same to one J. C.
Shiffer to secure the payment of seventy-five dollars, and
that at the time of hypothecating the same, and in the pres-
ence of J. W. Wiley, secretary of the defendant corporation,
indorsed said stock in blank, "J. M. Dover, by Jesse B.
Dover," and delivered the same so indorsed to said Shiffer;
that on or about the twelfth day of August, 1900, plaintiff
was informed of said hypothecation and indorsement by said
Jesse B. Dover, and stated to said Jesse B. Dover that it (the
indorsement and hypothecation of said stock) was all right;
that at the time of the hypothecation said J. W. Wiley, the
secretary of the defendant corporation, had personal knowl-
edge of the indorsement of said certificates, made as aforesaid,
and as soon thereafter as possible informed the plaintiff that
said certificates had been indorsed by his brother, Jesse B.
Dover; that plaintiff then and there stated to said secretary
that the said indorsement was all right; that soon after receiv-
ing said stock for security for the seventy-five dollars, as
aforesaid, said Shiffer, in the presence and with the consent
of Jesse B. Dover, placed the same in the hands of one J. H.
Moss, as pledgeholder, who held the same in his possession
until a short time prior to the 20th of November, 1900; that
said Jesse B. Dover instructed said Moss to sell the said stock
and pay said debt of seventy-five dollars, and the balance,
if any, to be returned to him, Jesse B. Dover; that a short
time prior to the 20th of November, 1900, said Moss sold said
stock, and delivered said certificates, indorsed as aforesaid,
to W. D. Young, a broker, who, on the 20th of November,
1900, for a valuable consideration, again sold the same and
delivered the said certificates therefor, indorsed as aforesaid,
to the defendant E. A. Baer; that on November 20, 1900,
the defendant the Pittsburg Oil Company, by its secretary,

transferred said stock on the books of said corporation to the said defendant Baer, and issued new certificates therefor to and in the name of said defendant Baer, and thereupon said defendant Baer surrendered said old certificates, indorsed as aforesaid, to said corporation defendant, and said corporation still holds the same as surrendered; that on transferring said stock to said defendant Baer the said secretary of defendant corporation relied upon the statement made to him by plaintiff, that said indorsement was all right; that plaintiff never made any objection or protest against the indorsement of said stock, as aforesaid, until after the same had been transferred on the books of said corporation defendant; that said plaintiff never made objection, revocation, or disavowal of said indorsement, or any other of the acts of said Jesse B. Dover relating to said stock, until after the same had been transferred by said corporation to the defendant E. A. Baer, as aforesaid; that said defendant Baer bought said stock, and the whole thereof, in the usual course of business for a valuable consideration, and without any notice or knowledge that the same was not a *bona fide* indorsement; that said defendant Baer had prior to the commencement of this action sold said stock in the usual course of business and for a valuable consideration, and was not, and is not now, at the commencement of said action the owner of said stock or any part thereof. As a conclusion of law from the foregoing, the court finds that said plaintiff, J. M. Dover, ratified the indorsement and hypothecation of said stock by Jesse B. Dover, and that he was not on the 20th of November, 1900, nor has not since been, the owner of said stock nor any part thereof; and accordingly judgment was rendered in favor of the defendants, from which and an order denying plaintiff's motion for a new trial the appeal is taken.

From the findings, which are supported by the evidence, it follows that Jesse B. Dover was the ostensible agent of his brother, the plaintiff, in the transaction in question, and that the acts of said ostensible agent were also ratified by the plaintiff, and he is therefore estopped from maintaining this action for the recovery of the stock in question. This result is founded upon general elementary rules, as announced many times and in various ways in our codes. It is made a conclusive presumption "Whenever a party has, by his own

declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it." (Code Civ. Proc., sec. 1962, subd. 3.) Under the title on agency in the Civil Code it is said: "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." (Civ. Code, sec. 2300.) Again: "An agency may be created, and an authority may be conferred, by a precedent authorization or a subsequent ratification." (Civ. Code, sec. 2307.) "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." (Civ. Code, sec. 2317.) "A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without ordinary negligence, incurred a liability or parted with value, upon the faith thereof." (Civ. Code, sec. 2334.) And under the maxims of jurisprudence it is said: "He who consents to an act is not wronged by it." (Civ. Code, sec. 3515.) "He who can and does not forbid that which is done on his behalf is deemed to have bidden it." (Civ. Code, sec. 3519.) "Where one of two innocent persons must suffer by the act of a third, he by whose negligence it happened, must be the sufferer." (Civ. Code, sec. 3543.)

When plaintiff was informed by the secretary of the corporation that the stock had been indorsed by his brother it was his duty to have spoken then, and his continued silence from that time until four months thereafter binds him. By the rules and usage of boards of trade and customs of commercial transactions certificates of stock in a corporation, when indorsed, pass the title to the holder. These certificates were indorsed in blank by Jesse B. Dover in the name of the true owner, J. M. Dover, the plaintiff, and when the secretary of the corporation informed the plaintiff that the certificates had been so indorsed by his brother he was then charged with full notice of all that might result from such certificates being recognized in the open market or by the corporation as being indorsed by him. When a certificate of stock has been indorsed in blank, the possession of the cer-

tificate gives the holder thereof all the *indicia* of absolute ownership, and the plaintiff in this case, when informed of the indorsement by his brother, was charged with full knowledge of this. (*Graves* v. *Mono etc. Mining Co.*, 81 Cal. 325; *Spreckels* v. *Nevada Bank*, 113 Cal. 278.[1]) In *Woodsum* v. *Cole*, 69 Cal. 142, it is said: "Where the true owner holds out another, or allows him to appear as the owner of or as having full power of disposition over the property, and innocent third parties are thus led into dealing with such apparent owner, they will be protected. Their rights in such cases do not depend upon the actual title or authority of the party with whom they deal directly, but are derived from the act of the real owner, which precludes him from disputing, as against them, the existence of the title or power, which, through negligence or mistaken confidence, he caused or allowed to appear to be vested in the party making the conveyance." To the same effect see *Carpy* v. *Dowdell*, 115 Cal. 687, where many authorities are cited in support of this doctrine; and in *Dickerson* v. *Colgrove*, 100 U. S. 580, the United States supreme court states the principle as follows: "The vital principle is, that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both."

But where, as in this case, the code provisions are plain and unequivocal upon the point in controversy it is hardly necessary to cite adjudicated cases to support the same, as the statute law must control whether such cases are in harmony therewith or otherwise.

As already stated, the evidence sufficiently supports the findings, and the findings cover all the material issues in the case and fully support the judgment. The court did not err in overruling plaintiff's objection to certain questions and admitting said evidence. The plaintiff's motion for a new trial was properly denied.

Judgment and order appealed from affirmed.

Shaw, J., and Angellotti, J., concurred.

---

[1] 54 Am. St. Rep. 348.