[L. A. No. 2946. In Bank.—August 21, 1913.]

IDA E. SHIREY, Plaintiff, Appellant, and Respondent, v. ALL NIGHT AND DAY BANK (a Corporation), Defendant, Appellant, and Respondent; W. C. WEAVER, Defendant and Respondent; T. H. BAYLIS, Defendant.

VENDOR AND VENDEE—DEED TO AGENT—INNOCENT PURCHASER.—Where one conveys real estate to an agent to sell, and the agent contracts to convey it to a third person for value and without notice that the agent does not own the property, the owner is estopped to deny the authority of the agent and is bound by the contract.

ID.—FRAUD OF AGENT—ESTOPPEL OF OWNER.—The purchaser under such contract will not be compelled by a court of equity to lose the bene-

fit of a bargain obtained in all fairness and honesty, because of a fraud practiced upon the vendor by his own agent.

ID.—CONVEYANCE BY AGENT—RIGHTS OF BONA FIDE PURCHASER.—Where one conveys real estate to an agent to enable him to sell it, and the agent, disregarding the owner's rights, conveys the property to a bank by deed absolute in form to secure payment to it of his two promissory notes, and subsequently the agent contracts to sell the property to a third person for a certain sum paid and an agreement to pay the two notes, neither the bank nor the purchaser having notice that the agent is not the owner of the property, and thereafter the bank, upon the agent's order, conveys the property back to the owner, the purchaser, upon tender of performance to the bank in substantial accordance with the contract, is entitled to a conveyance from the owner.

ID.—DEED ABSOLUTE—EFFECT WHEN INTENDED AS MORTGAGE.—The deed absolute from the agent to the bank, intended as security, did not convey title to the bank, but merely created a lien in its favor.

ID.—DAMAGES TO INNOCENT PURCHASER—MORTGAGEE NOT LIABLE FOR.—Therefore the conveyance by the bank to the owner did not transfer title to the property, or injuriously affect the rights of the purchaser from the agent, and hence the bank is not liable in damages to the purchaser for conveying to the owner.

APPEALS from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial, Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Oscar A. Trippet, and John E. Biby, for Plaintiff Ida E. Shirey.

Tanner, Taft & Odell, for Appellant All Night and Day Bank.

Wellborn & Wellborn, Olin Wellborn, Jr., and Alfred H. McAdoo, for W. C. Weaver, Defendant and Respondent.

ANGELLOTTI, J.—There are two appeals in this case, one taken by defendant All Night and Day Bank, from the judgment in favor of plaintiff against it for the sum of $898.67 and costs, and from an order denying its motion for a new trial, and one taken by plaintiff from all other portions

of the judgment in said action, and especially that portion thereof denying her any relief as against defendant Weaver. In so far as the appeal of the bank is concerned the record on appeal consists of the judgment-roll and a bill of exceptions. The appeal of plaintiff is before us on the judgment-roll alone.

The facts material to the controversy as between plaintiff and Weaver, established by the findings, are substantially as follows: On April 23, 1909, Weaver was the owner of two lots in the city of Los Angeles. He was desirous of selling the same. By reason of certain representations made to him by defendant Baylis, apparently a real estate agent, to the effect that it would be necessary for Baylis to have a conveyance of the property to himself in order to effectuate a sale, Weaver conveyed the same to him for such purpose by a deed absolute on its face. This deed was duly recorded in the recorder's office of Los Angeles County on April 23, 1909. It was made without any consideration and Weaver has not received any consideration whatever therefor. On the same day Baylis borrowed from defendant All Night and Day Bank the sum of five hundred dollars, giving two notes therefor, one for one hundred dollars and one for four hundred dollars, and conveyed said property to such bank by deed of conveyance absolute on its face. The bank had no knowledge that Weaver had any interest in the property. It was alleged by all the parties and found by the trial court that this deed was solely by way of security and intended as a mortgage to secure the payment of said notes, and this fact was known to plaintiff at all times. This deed was recorded April 23, 1909. On October 8, 1909, for the sum of $670.61 paid him by plaintiff, and the agreement on her part with him to pay the notes held by the bank, Baylis "agreed to and did, sell" said property to said plaintiff, and in writing authorized the bank "to convey said lots to Ida E. Shirey when the said Ida E. Shirey shall assume and take over my two notes amounting to $100.00 and $400.00 respectively, now held by said bank, and for which said deed was given as security." On October 11, 1909, the bank sent to the plaintiff and her husband the following letter, viz.:

"Los Angeles, Cal., October 11, 1909.

"Mr. J. W. SHIREY and IDA E. SHIREY.

"Dear Sir and Madam:—

"We received a notification dated October 8th, signed by T. H. Baylis authorizing us, on payment of his two notes to us for $100 and $400 respectively with such interest as may be due, to deed to you lots 11 and 12 in block 9 of the Schmidt Tract, Los Angeles, California.

"We understand that Mr. Baylis has transferred all of his title in this property to you subject to your payment of these notes, and you understand that we hold the property as security for the payment of these notes.

"We want it thoroughly understood that we will give you due notice of the sale of this property if necessary to secure the payment of these notes and that we in no way waive our rights by giving you this notice or writing you this letter.

"Yours very truly,

"ALL NIGHT AND DAY BANK,

"By Newton J. Skinner,

"President."

On January 14, 1910, plaintiff paid to the bank the principal sum on the one hundred dollar note together with the interest thereon and also interest on the four hundred dollar note, amounting in all to $110.20. She also expended $13.88 taxes on said lots, and $38.98 in payment of an assessment for street improvements. On December 14, 1909, Baylis notified the bank in writing that as the contract between him and the Shireys had not been carried out, it should cancel his instructions and hold the deeds until further notice. Plaintiff was never informed by the bank of this notice, and so far as appears had no knowledge thereof. On April 29, 1910, the bank, upon an order given by Baylis to it, conveyed all its interest in the property to Weaver, the deed of conveyance being duly recorded. This conveyance was made without any notice to plaintiff. On May 10, 1910, plaintiff tendered to the bank the sum then due on the four hundred dollar note, if the same had not been paid,—namely, $410.65, for payment of said note, and demanded a conveyance, but the bank refused to accept the money so tendered and refused to make any conveyance. "Plaintiff at all times since said tender of said sum of $410.65 was made, has been, and now is, ready,

able and willing to pay the same'' to said defendant bank. Plaintiff did not know prior to May 10, 1910, that Weaver claimed any interest whatever in said property, and was a purchaser in good faith and, as we have seen, for a valuable consideration. Weaver did not know that plaintiff had any interest in or claim to said property until the complaint in this action was served upon him. There is nothing in either pleadings or findings to show that any money was paid to the bank by either Baylis or Weaver in consideration of the purported transfer by the bank to Weaver, or that the four hundred dollar note has ever been paid.

The action was one to compel a conveyance of the property by Weaver and the bank to plaintiff, upon payment of the sum tendered by her to the bank, to have it determined that neither Baylis nor Weaver has any interest in the property, and for such further relief as to the court might seem just. The trial court concluded upon the facts we have stated that plaintiff was entitled to no relief as against Weaver, but rendered judgment against both the bank and Baylis, who had failed to appear though duly served with summons and whose default had been regularly entered, for the sum of $898.67 and costs.

So far as Baylis is concerned, a valid contract for the sale of this property by him to plaintiff is undoubtedly shown by the findings, under the terms of which contract plaintiff, having paid $670.61 to Baylis, was entitled to a conveyance upon the further payment to the bank of the amount of the notes. It is clear that this contract must be held to be binding upon Weaver, who was, in view of the facts shown by the findings, the real owner of the property, subject to the lien of the mortgage held by the bank. It cannot be doubted that the deed to the bank was simply a mortgage and vested it with nothing more than a mortgage lien. ''Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage,'' except in cases of pledges of personal property. (Civ. Code, sec. 2924.) ''Notwithstanding an agreement to the contrary, a lien, or a contract for a lien, transfers no title to the property subject to the lien.'' (Civ. Code, sec. 2888.) The contract for sale was binding upon Weaver for the same reason that the mortgage to the bank was a valid mortgage upon his

property.   By his deed to Baylis, who was in fact his agent
for the sale of this property, he had clothed him with every
*indicia* of ownership necessary to make him the absolute owner
of the property, and permitted him to so hold himself out to
the world, and to deal with all persons as such absolute owner.
As against persons who in good faith dealt with Baylis as such
owner, without any knowledge or notice that the conditions
were otherwise than he, Weaver, had allowed them to appear
by the execution and delivery of his absolute deed of convey-
ance, he is estopped to deny the authority of Baylis.   The gen-
eral principle applicable in such a case is recognized in our
Civil Code as follows: ''Where one of two innocent persons
must suffer by the act of a third, he by whose negligence it
happened must be the sufferer.'' (Sec. 3543.)   As originally
said in *McNeil* v. *Tenth National Bank,* 46 N. Y. 325, [7 Am.
Rep. 341], and several times approvingly quoted by this court
(see *Woodsum* v. *Cole,* 69 Cal. 142, [10 Pac. 331]; *Dover* v.
*Pittsburgh Oil Co.,* 143 Cal. 501, [77 Pac. 405]; and *Conklin* v.
*Benson,* 159 Cal. 793, [36 L. R. A. (N. S.) 537, 116 Pac. 38]):
''Where the true owner holds out another, or allows him to
appear as the owner of or as having full power of disposition
over the property, and innocent third parties are thus led into
dealing with such apparent owner, they will be protected.
Their rights in such cases do not depend upon the actual title
or authority of the party with whom they deal directly, but
are derived from the act of the real owner, which precludes
him from disputing, as against them, the existence of the title
or power, which through negligence, or mistaken confidence,
he caused or allowed to appear to be vested in the party mak-
ing the conveyance.'' See, also, *Schultz* v. *McLean,* 93 Cal.
329, 357, [28 Pac. 1053, 1058], where this court said: ''In
this case, plaintiffs and defendant were both innocent.
Neither knew that the fraud was being practiced; but if that
fraud was productive of injury, the injury must result to the
plaintiffs, for they placed it in the power of the wrongdoer
to perpetrate the fraud.   The vendee will not be compelled by
a court of equity to lose the benefit of a bargain obtained in
all fairness and honesty, because of a fraud practiced upon
the vendors by their own agent.   Under such circumstances
they must bear the consequences, for the loss is chargeable
to the trust reposed in the agent, in this case a trust so com-

plete and entire as to cause them to disregard the dictates of ordinary prudence.'' Relying upon the appearances created by Weaver, as she had the right to do, plaintiff in good faith entered into this contract with Baylis, paying $670.61 to him and expending the other money heretofore specified. As said in *Schultz* v. *McLean,* 93 Cal. 329, 357, [28 Pac. 1053, 1058], she ''will not be compelled by a court of equity to lose the benefit of a bargain obtained in all fairness and honesty, because of a fraud practiced upon'' the vendor by his own agent.

In view of what we have said, it seems clear that upon the facts found plaintiff was entitled, upon performing or offering to perform her part of the contract, to a conveyance of the property by Weaver, who was, in substance and effect, her vendor. The only objection of any possible merit to such relief being granted her upon the findings already made was that it was not alleged in the complaint or found that she made any tender to Weaver of the amount remaining unpaid. Her allegations as to such a tender to the bank, and her readiness, ability, and willingness ever since and now to pay to the bank the amount tendered are full and complete, as are the findings. Her tender to the bank was in substantial accord with the terms of her contract, which could not be effectually changed so far as she was concerned, without her consent, and we think that under the circumstances of the case it should be held to have constituted a sufficient compliance with all conditions on her part to enable her to maintain an action to enforce her rights under the contract. (See in this connection *Corbus* v. *Teed,* 69 Ill. 205.) It would be too narrow a construction of her complaint to hold that plaintiff, in this action against all the persons who can possibly be held to have any interest in the matter, did not therein sufficiently offer to do equity. With all the parties interested before it, the trial court is in a position to provide that the money that must be paid by plaintiff as a condition precedent to the obtaining of the relief sought shall go to the parties who are justly entitled to the same. It would seem that upon the merits there can be no question as to the right of plaintiff to have this property upon the further payment by her of the sum of $410.65. If by any arrangement with Mr. Weaver the bank has abandoned all claim on the property, and transferred all its interest therein to him, which appears to be clearly

found by the trial court and which is also conceded by all the parties in their briefs, the $410.65 should be paid. of course, to him.   We see no good reason why judgment should not be entered upon the findings in favor of plaintiff in this matter.

As to the appeal of the All Night and Day Bank, we are entirely in accord with the view of the district court of appeal that the judgment of the trial court cannot be sustained.   The amount of $898.77 awarded plaintiff against the bank was made up of the $670.71 paid by her to Baylis on account of the purchase price, the $110.20 paid by her on the one hundred dollar note (also a part of the purchase price), $13.88 taxes on said property, $38.98 street assessment on the property, and $65 interest.   This was awarded plaintiff on the theory that she was damaged in the amount specified by a failure to obtain the property, the court concluding that the bank was negligent in making the conveyance to Weaver and in failing to convey its interest in the property to plaintiff.   In view of what we have said as to the nature of the only interest held by the bank in the property, viz.: that of a mortgagee, it is obvious that the rights of the plaintiff were in no way injuriously affected by the transfer by the bank to Weaver of all its interest in the property.   The bank had nothing but a mortgage lien to transfer.   If the bank had executed a deed of conveyance of its interest in the property to plaintiff, such conveyance would have transferred ''no title to the property'' to her.   And, of course, the conveyance to Weaver transferred ''no title to the property'' to him, and in no way affected any interest of plaintiff in the property.   The only effect thereof was to transfer the mortgage lien of the bank to Weaver (*Brandt* v. *Thompson,* 91 Cal. 458, [27 Pac. 763]), or rather, in view of the fact that Weaver was the owner of the property subject to the lien and the contract of purchase held by plaintiff, to release and extinguish the lien of the mortgage, unless it was necessary for the protection of Weaver's rights that the same should be kept alive.   (See *Anglo-California Bank* v. *Field,* 146 Cal. 653, [80 Pac. 1080].)   It is not made to appear that Weaver has purported to transfer or encumber the property, so there is no question as to the rights of innocent third parties.   Thus, as we have said, there is nothing to show that plaintiff's rights

have been in any way injuriously affected by any act or neglect of the bank. Her right to obtain the property from the owner upon payment of the balance of the purchase price was precisely the same after the transfer by the bank to Weaver as it was before, and was in no degree affected thereby. Of course, it cannot well be claimed that plaintiff should recover this money from the bank, and at the same time be allowed to obtain the property upon complying with the terms of her contract.

We are of the opinion that in place of the judgment given in this cause, judgment should be given upon the findings substantially decreeing as follows; that neither defendant Baylis nor defendant bank has any interest in the property; that defendant Weaver convey the property to plaintiff upon the payment by plaintiff to him or into court for his benefit, within a time to be specified therein, of the sum of $410.65; and that except for the adjudication that the bank has no interest in the property, plaintiff take nothing against it, said bank. The matter of costs, except costs on appeal, should be left to the discretion of the trial court.

The order denying a new trial is affirmed. The judgment is reversed with directions to the trial court to give judgment in accord with the views herein expressed. Appellant Shirey is entitled to her costs on appeal as against defendant Weaver, and appellant bank is entitled to its costs of appeal as against plaintiff Shirey.

Shaw, J., Sloss, J., Lorigan, J., Henshaw, J., Melvin, J., and Beatty, C. J., concurred.