[Civ. No. 3175. First Appellate District, Division One.—April 26, 1920.]

VINING B. STONER et al., Respondents, v. THE SECURITY TRUST COMPANY (a Corporation), et al., Appellants.

[1] APPEAL—REQUEST FOR REPORTER'S TRANSCRIPT—TIME—DISCRETION OF TRIAL COURT.—Where a party dissatisfied with the judgment of the trial court gives notice of his intention to move for a new trial, and such proceeding is terminated by the expiration of the three months' period prescribed by section 660 of the Code of Civil Procedure, but notice of such termination is not given or waived, the trial court acts within its discretion in approving the reporter's transcript of the record, notwithstanding request therefor was not made within ten days after the termination of the new trial proceedings, no undue delay having been caused.

[2] PLEADING—SUIT TO DETERMINE ADVERSE CLAIM—CONSTRUCTION OF COMPLAINT.—A suit in the nature of an action to quiet title, the specific object of which is to cancel two purported assignments of a note and mortgage, and for the recovery of the money collected by the assignees under them, may be regarded as a suit under section 1050 of the Code of Civil Procedure to determine "an adverse claim . . . for money, or property upon an alleged obligation."

[3] ID.—PARTIES—SUIT BY DISTRIBUTEES.—A final decree of distribution in the estate of the deceased payee named in such note and mortgage having been entered, the absolute right and title thereto was vested in the distributees, and they had the right to bring an action thereon.

[4] ID.—ASSIGNMENT OF NOTE AND MORTGAGE—COLLATERAL SECURITY—EVIDENCE—FINDING.—In this action to recover a note and mortgage, and certain sums of money alleged to have been collected thereon, the evidence was sufficient to sustain the finding of the trial court that the assignment from plaintiffs' predecessor to certain of the defendants was given as collateral security for money advanced, and that they were taken by them as such and not by way of absolute ownership for an adequate consideration.

[5] PROMISSORY NOTE — SECURED BY MORTGAGE — NEGOTIABILITY.—A promissory note, secured by a mortgage on land, both being executed as parts of the same transaction, and containing a default and option clause, is not negotiable.

[6] ID.—PLEDGE—APPARENT OWNERSHIP—ESTOPPEL.—The general rule that one in possession of personal property can transfer to another, by pledge or sale, no greater interest in the property than he himself has, is subject to the exception that where the owner of the property clothes another with the apparent title to, or power of disposition over, it and an innocent third party has thereby been induced to deal with the apparent owner in reference thereto, the true owner is estopped from afterward asserting his title.

[7] ID.—BONA FIDE PURCHASER—NEGLIGENCE OF OWNER—PROXIMATE CAUSE OF DECEIT.—A *bona fide* purchaser of a non-negotiable chose in action, from one to whom the owner assigned apparent absolute ownership, may obtain a valid title as against such owner, although the assignee may not be the true owner; but if the purchaser from one who has not the title, and has no real authority to sell, relies for his protection on the negligence of the true owner, he must show that such negligence was the proximate cause of the deceit.

[8] ID.—EQUITABLE DEFENSE—PLEADING AND PROOF.—In an action to recover a note and mortgage and certain sums of money alleged

5.  What is negotiable note, notes, 5 Ann. Cas. 152; Ann. Cas. 1912D, 4; Ann. Cas. 1916C, 503; 35 L. R. A. 536.

to have been collected thereon, if a defendant intends to interpose the equitable grounds of estoppel, it is incumbent upon him to specially plead, and to prove, the facts constituting such defense.

[9] FINDINGS—FORM OF.—Findings are not required to be in a particular form, so long as they properly dispose of the material matters at issue.

APPEAL from a judgment of the Superior Court of Kern County. K. S. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. J. Emmons for Appellants.

Charles H. Mattingly for Respondents.

WASTE, P. J.—The plaintiffs, children and only heirs at law of Vandoren Stoner, claiming to be the owners of a certain note and mortgage, executed to the decedent during his lifetime, brought this action to recover the same from the defendants, and for certain sums of money alleged to have been collected thereon. Defendants answered, alleging ownership of the note and mortgage in defendant Katze, by an absolute and *bona. fide* assignment, and that the defendant, Security Trust Company, held the same as collateral security for certain loans made to defendants Katze and Coyne. The lower court gave judgment for plaintiffs, from which the defendants appeal, seeking a review of the proceedings upon their motion for a new trial.

During the life of Vandoren Stoner, L. P. Keester and M. P. Smith executed and delivered to him their promissory note for $3,500, payable in seven annual installments of $500 each, and secured by a second mortgage upon real property. The note provided that should default be made in payment of any installment of interest or principal when due, the whole sum of principal and interest should immediately become due at the option of the holder. By an instrument in writing, Stoner assigned and transferred the note and mortgage to defendant Katze, the assignment being absolute in form, and purporting to be "in consideration of the sum of Ten Dollars." This transfer, the trial court found, was made without any consideration, except the sum of $710 loaned by Katze to Stoner, and that the assignment

was made as collateral security for the repayment of that amount, and for no other purpose. Stoner gave no authority or direction in reference to the hypothecation, or other disposition of the note or mortgage.

Shortly after taking the assignment, Katze borrowed and received of the defendant Security Trust Company the sum of $750, giving his note for the amount. . As collateral security for the payment of that note he transferred the Keester and Smith note and mortgage, for $3,500, to the trust company, the assignment, by apt reference, being made to secure the particular note. At that time the bank had no knowledge, so the trial court found, that Katze held the assignment from Stoner merely as collateral security. Some time later Katze and Coyne, two of the defendants, borrowed from the bank an additional $500, giving their joint note therefor. Three days later, on May 20, 1913, Vandoren Stoner died. On July 28th, following, Katze, by an instrument in writing, executed a general assignment of the $3,500 note, and mortgage, to the bank. The reason for this transaction, as explained by the bank's clerk, while on the stand, was that, having only a specific assignment to secure the $750 note, executed by Katze, and having advanced an additional amount to Katze and Coyne on their joint note, the bank, on July 28th, demanded the new assignment be "given for the money that had been previously advanced."

On the eighth day of December following, Katze and Coyne executed a new note to the bank for $2,600. The previously executed notes for $750 and $500, respectively, were thereupon treated as "paid by renewal" and the difference between their total and $2,600, the amount of the renewal note, or $1,350, was credited upon the books of the trust company to the account of defendant Coyne. No new, or further assignment was taken by the bank, but on that day it caused the general assignment of July 28th to be recorded, and continued to hold it "as security that they [Katze and Coyne] would pay that $2,600." The limited assignment of March 12th was not recorded.

There is some evidence that the bank had knowledge of the limited interest Katze had in the $3,500 note and mortgage, before he hypothecated them for his $750 loan. Katze so stated in his letter to the attorney for the Stoner estate. However, the court found to the contrary. Aside from this

bit of evidence it does not clearly appear that the bank knew of the claim of the estate before the renewal transaction in December. The testimony on the question is conflicting, and the court made no finding in that regard. There is nothing in the record, however, to indicate that the bank made inquiry at any time, during the entire transaction, to inform itself on the point. It took the special and general assignments without any investigation as to the real interest of defendant Katze, in each case for money about to be, or already, advanced, and, apparently by tacit consent, continued to hold the note and mortgage as collateral security for the repayment by Katze and Coyne of the $2,600, to which sum their indebtedness was enlarged by the renewal transaction.

Due administration of the estate of Vandoren Stoner was had, of which the bank had notice. As has been made to appear by diminution of the record, by the final decree of distribution, the note and mortgage for $3,500, executed by Smith and Keester, were distributed to these plaintiffs.

The defendant, Security Trust Company, in its answer admits having collected, and appropriated to its own use, the first two installments of $500 each, upon the $3,500 note and mortgage, together with the interest.

The lower court decided that plaintiffs are the owners of the note and mortgage and entitled to recover the installments of principal and interest collected by the Security Trust Company, less the sum of $710 and interest, representing the amount loaned by defendant Katze to Vandoren Stoner, as consideration for the original assignment by Stoner to him. By the judgment this sum was directed to be deducted from the amount collected by the bank, and to be applied by it as a credit on the amount of its claim against defendant Katze. The assignment by defendant Katze to the Security Trust Company was set aside, and it was ordered to assign and deliver the note and mortgage to plaintiffs.

[1] Respondents make a preliminary objection to a consideration of the evidence in the case, upon the ground that the appellants did not file their notice with the clerk below, requesting a reporter's transcript of the record, within time. That notice must be filed within ten days after notice of entry of the judgment, order, or decree, or if a proceeding

on motion for a new trial be pending, within ten days after notice of decision denying said motion, *or of other termination thereof.* (Code Civ. Proc., sec. 953a.) (The italics are ours.) The defendants gave notice of their intention to move for a new trial. The motion was not brought on for hearing, nor was any action taken by the trial court in the matter, within three months after the service of notice of the entry of the judgment, the effect of all of which was a denial of the motion without further order, and amounting to a termination of the proceedings on the motion for a new trial. (Code Civ. Proc., sec. 660.) No notice of this "other termination thereof" was given, and there is nothing in the record which indicates that appellants either waived such notification or acted in the proceedings of the cause as if they had received formal and binding notice. They caused no undue delay and the trial court acted well within its discretion in approving the transcript when it was presented.

Appellants contend that the complaint fails to state a cause of action in that it is based upon an attempt to quiet title to personal property, not provided for by sections 738 or 1050 of the Code of Civil Procedure, and for the further reason that the heirs of the decedent may not maintain the action. [2] The specific object of the suit was to cancel the two purported assignments of the note and mortgage, and for the recovery of the money collected by the assignees under them. It may be regarded as a suit under section 1050 of the Code of Civil Procedure to determine "an adverse claim . . . for money or property upon an alleged obligation." (*Hoffman* v. *Kirby,* 136 Cal. 26, 29, [68 Pac. 321].) [3] As to the other objection, a decree of final distribution, in the estate of Vandoren Stoner, was duly entered, before the action was brought, the effect of which was to vest the absolute right and title to the note and mortgage in the distributees, who, as plaintiffs, brought this action. (*Garraud's Estate,* 36 Cal. 277, 279, 280.)

[4] The appellants urge as other grounds for reversal the alleged insufficiency of the evidence to support certain findings, and that the findings themselves do not warrant the judgment. That the note and mortgage were assigned by Stoner to Katze, as security for money advanced, is amply supported by the testimony of a number of witnesses as to

the admissions made to them by Katze that such was the fact, by his acknowledgment that such was the case contained in his letter to the attorney for the estate of Stoner, and by his own testimony concerning the transaction. His acts and relations with Stoner after the purported assignment, as related by himself, particularly under cross-examination by plaintiff's counsel, and by the court, were inconsistent with his theory of an absolute assignment. His own denials only raised a conflict in the evidence, which the trial court has determined against him. The claim of the defendant Coyne was also shown by the evidence to be based upon money alleged to be owed to him by the decedent Stoner. His attitude in the matter has much the appearance of being suggested by an effort to collect the amount out of the proceeds of the $3,500 note and mortgage, without the necessity of presenting a claim against Stoner's estate. The finding that the note and second mortgage for $3,500 were worth their face value is supported by the evidence that the land covered by the mortgage was worth $8,000, encumbered only by a first mortgage for $1,500, and by testimony that the makers of the note were considered financially good for the amount.

[5] The assignment by Stoner to Katze was for collateral security only. The note for $3,500, secured as it was by a mortgage on land, both being executed as parts of the same transaction, and containing the default and option clause, was not negotiable. (*Meyer* v. *Weber*, 133 Cal. 681, 685, [65 Pac. 1110]; *National Hardware Co.* v. *Sherwood*, 165 Cal. 1, 5-6, [130 Pac. 881].) What, then, is the position of the defendant Security Trust Company under these circumstances? [6] If the bank has any right which it can assert other than the right to offset its claim against defendant Katze to the extent of $710, owed by the decedent Stoner to Katze, and which the court allowed and provided for in its judgment, it must be because it obtained the note and mortgage under such circumstances as would estop Stoner, and those claiming under or through him, from asserting their claim to its prejudice, for it is the general rule that one in possession of personal property can transfer to another, by pledge or sale, no greater interest in the property than he has himself. There is an exception to this rule, where the owner of the property clothes another with the

apparent title to, or power of disposition over, it and an innocent third party has thereby been induced to deal with the apparent owner in reference thereto, the true owner being in such case held estopped from afterward asserting his title. (*Chase* v. *Whitmore,* 68 Cal. 545, 547, [9 Pac. 942] ; *Shafer* v. *Lacy,* 121 Cal. 574, 578, [54 Pac. 72] ; *Shirey* v. *All Night and Day Bank,* 166 Cal. 50, 55, [134 Pac. 1001] ; *Fowles* v. *National Bank of California,* 167 Cal. 653, 659, [140 Pac. 271].) **[7]** Under this principle, a *bona fide* purchaser of a non-negotiable chose in action, from one to whom the owner assigned apparent absolute ownership, may obtain a valid title as against such owner, although the assignee may not be the true owner. This conclusion is reached by the application of the doctrine of estoppel, and the modification of the general rule relating to the transfer of personal property is placed upon that ground. (*Moore* v. *Metropolitan Nat. Bank,* 55 N. Y. 41, [14 Am. Rep. 173] ; 2 R. C. L., p. 632 ; *Fairbanks* v. *Sargent,* 104 N. Y. 108, 117, [58 Am. Rep. 490, 6 L. R. A. 475, 9 N. E. 870].) But if the purchaser from one who has not the title, and has no real authority to sell, relies for his protection on the negligence of the true owner, he must show that such negligence was the proximate cause of the deceit. (*Barstow* v. *Savage Mining Co.,* 64 Cal. 388, 393, [49 Am. Rep. 705, 1 Pac. 349].) The burden is upon the one seeking to invoke the exception to the general rule. (*Woodsum* v. *Cole,* 69 Cal. 142, 145, [10 Pac. 331] ; *Kenniff* v. *Caulfield,* 140 Cal. 34, 45, [73 Pac. 803].)

**[8]** In the instant case the defendant bank appears to have relied solely upon a legal defense to the action. It contented itself with making common cause with the other defendants in asserting that the assignment by the decedent Stoner to Katze was absolute and for adequate consideration. If it intended to interpose the equitable grounds of estoppel, it was incumbent upon it to specially plead the facts constituting such defense. (*Clarke* v. *Huber,* 25 Cal. 593; *Chapman* v. *Hughes,* 134 Cal. 641, 646, [58 Pac. 298, 60 Pac. 974, 66 Pac. 982].) Not having so pleaded, it could not be now considered (*Burk* v. *City of Santa Cruz,* 163 Cal. 807, 811, [127 Pac. 154]), even though the appellant was now attempting to avail himself of it, which it is not. By neither averment nor proof has it brought itself within the excep-

tion to the general rule. Such action on its part seems to be entirely consonant with its chosen line of defense. We feel that it was satisfied to abide by the fate of its codefendants. We are, therefore, constrained to hold that its interest in the hypothecated note and mortgage was measured by the extent of the advances made to Stoner by Katze, which the trial court has found, on evidence which we must admit is somewhat confusing, to be the sum of $710.

In view of our conclusion in the matter, the point made that certain findings may appear to be immaterial need not be further considered. A large part of this objection arises, no doubt, because the lower court's conclusions do not harmonize with the theory of the appellants. [9] Findings are not required to be in any particular form, so long as they properly dispose of the material matters at issue. (*Millard* v. *Supreme Council*, 81 Cal. 340, 342, [22 Pac. 864]; *Mott* v. *Ewing*, 90 Cal. 231, 235, [27 Pac. 194].)

We find nothing in the record which would have justified the trial court in granting a new trial. The judgment is affirmed.

Richards, J., and Knight, J., *pro tem.*, concurred.