[Civ. No. 4446.  Third Appellate District.—December 4, 1931.]

HOLLYWOOD HOLDING AND DEVELOPMENT COR-
PORATION (a Corporation), Respondent, v. GEORGE
H. OSWALD, Appellant.

George D. Blair for Appellant.

Bordwell, Mathews & Wadsworth, Ray W. Bruce and John H. Mathews for Respondent.

JAMISON, J., *pro tem.*—This action was brought by plaintiff to recover from defendant, an undisclosed principal, the cost of certain street and curb improvements installed by plaintiff in connection with the sale to defendant of a certain tract of land owned by plaintiff, the sale being affected through M. E. Oswald, who acted as defendant's agent, and through G. S. Chapin and E. O. Earle, who acted as dummies in the transaction. Defendant being desirous of purchasing said tract, sent his brother, M. E. Oswald, to plaintiff to consummate the deal. Plaintiff refused to sell said tract to defendant, and thereupon M. E. Oswald, with the consent of defendant, procured Chapin to purchase same in his name for defendant, authorizing him to pay $51,000 for it. Chapin made a deal with plaintiff for said tract and entered into a contract for the purchase of same, in which he agreed to pay $51,000 for said tract, $25,000 to be paid within thirty days and for the remainder a mortgage to be executed by him—$2,000 cash being paid at the time of signing the said contract. He also embodied in said contract an agreement to pay plaintiff

for certain improvements to be made by plaintiff for the benefit of said tract. The said agreement is as follows: "It is understood that the seller shall improve one-half of the width of Carson Drive and Alden Drive and the entire width of San Vicente which said streets adjoin the said property, and that the buyer agrees to pay for said improvements at the cost thereof. It being further understood that the seller agrees to pave the remaining portion of said aforementioned streets at the expense of owners of abutting property."

The contract further provided that $2,000 had been received by the Title Insurance & Trust Company, as escrowholder, from Chapin, and the remainder of said purchase price, as above stated, would be paid and secured by mortgage. A deed conveying said property to Chapin, and a mortgage executed back by Chapin to plaintiff, were prepared and held by said company in escrow. This contract was executed on January 14, 1925, and the said deed and mortgage were deposited in escrow the same day. Some five or six days after the date of the escrow, Chapin was informed by defendant that he had been adjudged a bankrupt, and therefore defendant did not want him to continue to act as the purchaser of said tract, and named Earle to replace him as such purchaser. Earle was then substituted as the purchaser of said tract for defendant.

On February 7, 1925, Chapin notified the Title Insurance & Trust Company that it would receive an order from plaintiff authorizing a conveyance of said tract to Earle, and directing it to place the $2,000 to Earl's credit, and on this same day plaintiff directed the said company to issue the deed to Earle for said tract, upon payment of $25,000 in cash and the execution of a mortgage by him for the remaining $26,000, and on said last-named date Earle paid to said company the sum of $25,000, including the $2,000, and deposited his note and mortgage for the remaining $26,000.

At the time of the substitution of Earle for Chapin as the purchaser of said tract, plaintiff prepared an agreement to pay for said improvements, and gave it to Chapin for the purpose of procuring Earle's signature thereto, but Earle never signed it, and denied that he had ever agreed to pay for any improvements. Judgment was rendered for

plaintiff for the costs of said improvements, and from this judgment defendant appeals.

Appellant contends that the evidence is not sufficient to support the findings. The court found that Chapin entered into an agreement with plaintiff to purchase the said tract; that he was at all times acting as the agent for the undisclosed principal the appellant, and that at all times the appellant was the only person interested in the said contract as purchaser; that respondent was not advised of the fact that Chapin was not the principal in said transaction, and did not know said fact until a short time prior to October 1, 1927; that on or about the ninth day of February, 1925, said contract was assigned by said Chapin to Earle, and thereafter said tract was conveyed by plaintiff to said Earle; that the $25,000 was paid by appellant through Chapin and Earle; that the mortgage for $26,000 executed by Earle was paid by appellant, and that said Earle was at all times acting as the agent of appellant, and such fact was concealed from plaintiff until about the 1st of October, 1927; that the contract signed by Chapin was executed by the appellant acting through his authorized agent Chapin, and that M. E. Oswald was the agent of appellant.

One of the main contentions of appellant is that he never authorized the agreement to pay for the improvements. Appellant testified that he was anxious to purchase this tract of land; that he was informed that the purchase price was $51,000; that he instructed his brother, who was a real estate broker, to buy it for him, and when he learned, through his brother, that the respondent would not sell to him, he instructed his brother to purchase the tract for him in the name of a dummy. Thereupon the brother secured Chapin to act as a dummy in purchasing the tract for appellant. Chapin testified that in making the purchase he submitted every paper to be signed by him as such purchaser to M. E. Oswald and secured his approval to same before signing, including the contract for the purchase of said tract which contained the agreement to pay for said improvements; that when the substitution of Earle as purchaser for said tract took place, Chapin informed M. E. Oswald that respondent desired Earle to sign the agreement to pay for the improvements, and at that time he was

assured by M. E. Oswald that appellant would pay for said improvements.

It also appears from the evidence that appellant knew at and before the purchase of said tract that it was raw, unimproved property.

After the contract of purchase was entered into by Chapin, respondent let the contracts for said improvements, and the same were being made at the date of the substitution of Earle, and were completed about May, 1925. M. E. Oswald knew that the said improvements were being made, but did not at any time inform respondent that appellant would not pay for them. Respondent believed, and under the facts of this case had the right to believe, that he was dealing with the actual purchaser when it contracted to sell the property to Chapin, and that he had authority to enter into the contract to pay for the improvements. The rule is well established that the contract of an agent who deals in his own name without disclosing that of his principal, is the contract of the principal. (*Schnier* v. *Percival*, 83 Cal. App. 470 [256 Pac. 1109]; 1 Cal. Jur. 856.) The theory upon which the actual purchaser is held liable is based upon the fact that by permitting the agent to hold himself out as the principal with full power to contract, and thereby innocent third parties are thus led into dealing with such apparent principal, they will be protected. Their rights under such circumstances do not depend upon the actual authority of the party with whom they directly deal, but are derived from the act of the real principal, which precludes him from disputing, as against them, the existence of authority, which through negligence or mistaken confidence, he has allowed to be vested in the party with whom they are dealing. (*Conklin* v. *Benson,* 159 Cal. 785 [36 L. R. A. (N. S.) 537, 116 Pac. 34]; *Shirey* v. *All Night & Day Bank,* 166 Cal. 50 [134 Pac. 1001]; *Dover* v. *Pittsburg Oil Co.,* 143 Cal. 501 [77 Pac. 405]; *Hubbard* v. *Tenbrook,* 124 Pa. 291 [10 Am. St. Rep. 585, 2 L. R. A. 823, 16 Atl. 817].)

As was said by the Supreme Court in *Hicks* v. *Wilson,* 197 Cal. 269 [240 Pac. 289]: "It is equally well settled, however, that a principal is bound not only by the acts which have actually authorized an agent to perform, but also by those which he has allowed third parties to believe him to be

authorized to do." When an agent on behalf of his principal, performs an unauthorized act, yet if the principal has put the agent in a position to mislead innocent parties, he is responsible to them. (*Davidson* v. *Dallas,* 8 Cal. 227.) We are of the opinion that the agreement of Chapin to pay for the improvements is binding upon appellant.

Appellant contends that the contract for improvements was canceled when Chapin withdrew from the deal, and that the finding of the court that the said contract was assigned by Chapin to Earle is not supported by the evidence. By agreement Earle was substituted for Chapin; neither he nor Chapin had any real interest in the deal; they were mere figureheads. Under these circumstances an assignment of the said contract was not necessary to continue it in force after the substitution of Earle, but assuming that an assignment was necessary, it clearly appears that it was the intention of Chapin, in his letter of February 7, 1925, to pass to Earle his interest in said tract, that is to say, such rights as he had acquired therein by said contract, and that Earle's acceptance of said transfer constituted an equitable assignment of Chapin's rights and liabilities under said contract. (*Los Angeles City School Dist.* v. *Tucker,* 99 Cal. App. 390 [278 Pac. 507], and authorities cited.)

Appellant claims that if respondent's contention is correct that the contract with Chapin is not canceled, its remedy is against Chapin. This claim is without merit. Where one deals with another, believing him to be the principal, on subsequently learning that he was dealing with an agent of an undisclosed principal, he may recover either from the person he dealt with or from the undisclosed principal. (*Duerr* v. *Sloan,* 40 Cal. App. 653 [181 Pac. 407]; *Colquhoun* v. *Pack,* 32 Cal. App. 97 [161 Pac. 1168]; *Hulsman* v. *Ireland,* 205 Cal. 345 [270 Pac. 948]; *Geary St. P. & O. R. Co.* v. *Rolph,* 189 Cal. 59 [207 Pac. 539].)

In the action under consideration, while appellant denied authorizing Chapin to make any agreement to pay for said improvements, he clothed him with apparent authority so to do by concealing the fact that Chapin was merely an agent, and having him appear as the *bona fide* buyer.

Where one of two innocent persons must suffer by the act of the third, he by whose negligence it happened must be the sufferer. (Sec. 3543, Civ. Code.) A loss through the

trust and confidence placed by a principal in his agent should not be borne by those who were led to deal with the agent through the acts of the principal. Where one of two innocent persons must suffer, the loss should be borne by him whose acts made the loss possible. (*Henry Cowell Co.* v. *Santa Cruz Bank*, 82 Cal. App. 519 [255 Pac. 881]; *Anglo-California Trust Co.* v. *Pacific Acceptance Corp.*, 70 Cal. App. 41 [232 Pac. 489].)

The judgment is affirmed.

Thompson (R. L.), J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 2, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 1, 1932.