|  |  |
|---|---|
| 73 | 483 |
| 31 SC | 650 |
| d  31 SC | 652 |
| 31 SC | 653 |

## Seventh National Bank *versus* Cook.

1. A check was drawn to Cook, Barnes endorsed Cook's name without his authority and received the money ; the bank deducted the check from the drawer's account and settled with him on that basis. *Held*, that Cook could recover the amount of the check from the bank.

2. The conduct of the bank was an acceptance and bound it as a certified check would.

April 1st 1873. Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ. WILLIAMS, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 166½, to July Term 1871.

This was an action of assumpsit brought March 16th 1871, by David Cook against the Seventh National Bank; the suit was brought on the following check which the bank refused to pay the plaintiff under the circumstances detailed in the evidence:—

"Philadelphia, August 12th 1869.

### SEVENTH NATIONAL BANK.

Pay to the order of D. Cook, one hundred and seventy-four $\frac{50}{100}$ dollars.

$174$\frac{50}{100}$　　　　　　　JAMES GREENWOOD.

(Endorsed) D. COOKE.
　　　　　J. C. BARNES."

The case was tried April 13th 1871, before Stroud, J.

James Greenwood, the drawer of the check, testified that he had bought oil from plaintiff through his agent J. C. Barnes; he gave the check in suit to Barnes for a bill of oil; witness received his check back again when his account at the bank was balanced; the bank had paid the check. Witness generally gave checks for oil to Barnes; witness always had sufficient funds in the bank to meet the check.

[Seventh National Bank *v.* Cook.]

The deposition of the plaintiff was read. He testified that he had got the check from Greenwood after it had been cancelled at the bank and returned to Greenwood; he presented it twice at the bank and demanded payment, which was refused; the cashier of the bank knew at the same time that his name as endorser was not written by himself; plaintiff did not know of the check until about a week after it had been given, when he called on Greenwood for payment for the oil sold; the check was not endorsed by plaintiff or by his authority. He gave other evidence that the endorsement was not his signature.

For the defendant Barnes testified, that he had been employed by plaintiff to sell oil; that he also kept the plaintiff's books; sometimes when plaintiff was out of town witness received checks and endorsed them for him; plaintiff had told witness to do it; witness received the check from Greenwood, put the endorsements on it, drew the money, credited it on plaintiff's books to Greenwood and charged himself with it on the book; next day he told the plaintiff that he had done so and demanded a settlement; the plaintiff owed him more money than that; plaintiff had told witness to collect this sum from Greenwood, and if it was paid by a check to endorse it.

There were a number of points submitted by the defendant, which the opinion of the Supreme Court makes it unnecessary to note.

The court charged: * * *

" The only question is whether Barnes had authority to endorse the check for Cook, the plaintiff, and upon that I leave the case with you.

" The check is drawn payable to the order of David Cook, but that is the same as if it were payable to David Cook; the plaintiff is the only one who can maintain an action upon it.

" The defendant says the check was paid under the endorsement upon it. If the plaintiff had authorized Barnes to endorse it for him, that would be a good defence, and the only appropriate one. * * * If the jury find from the evidence that J. C. Barnes had either a general authority to endorse the checks which he received in the course of his collections for the plaintiff; or, that the plaintiff afterwards assented to the endorsement of the check now sued on, he is not entitled to recover in this suit."

The verdict was for the plaintiff for $174.50.

The defendant took a writ of error and amongst other things assigned the charge for error.

*W. S. Price,* for plaintiff in error, cited Bank of Republic *v.* Millard, 10 Wallace 152.

There was no argument or paper-book for defendant in error.

[Seventh National Bank *v.* Cook.]

The opinion of the court was delivered, May 17th 1873, by

READ, C. J.—James Greenwood was indebted to David Cook for oil sold, and in payment gave a check on the defendants, The Seventh National Bank, for $174.50, to J. C. Barnes, a clerk of the plaintiff, payable to the order of D. Cook. Mr. Barnes endorsed it with the name of D. Cook, and his own name, drew the money, and appropriated it to pay an amount due him by his employer, and made the proper entries on the books of D. Cook. The plaintiff refused to recognise the acts of his clerk, and obtained the cancelled check from Greenwood, presented it to the bank, was refused payment, and then commenced this suit. The court charged the jury that "the only question is, whether Barnes had authority to endorse the check for Cook, and upon that I leave the case with you," and the jury found a verdict for the plaintiff Cook, for the amount of the check. Upon the argument the counsel for the bank cited but one case, Bank of Republic *v.* Millard, 10 Wallace 152, and contended the holder of the check could not recover against the bank. It was in evidence that the bank had paid the check when presented by Barnes, and that upon settlement of Greenwood's bank-book, the check was returned with other checks, cancelled, and of course charged against the depositor. This brings it within the exception stated by the Supreme Court of the United States towards the close of their opinion in 10 Wallace: "*It may be* if it could be shown that the bank had charged the check on its books against the drawer, and settled with him on that basis, that the plaintiff could recover on the count for money had and received, on the ground that the rule *ex æquo et bono* would be applicable, as the bank, having assented to the order, and communicated its assent to the paymaster (the drawer), would be considered as holding the money thus appropriated for the plaintiff's use, and, therefore, under an implied promise to him to pay it on demand."

On the merits, therefore, the case was for the plaintiff.

It is, in fact, an acceptance, and binds the bank as a certified check does. "It is tantamount to an acceptance of the draft."

There is nothing in the other assignments of error.

Judgment affirmed.