## State Bank of Chicago, Appellee, v. Mid-City Trust & Savings Bank, Appellant.

### Gen. No. 24,979.

1.  BANKS AND BANKING, § 126*—*what is effect of Act on rule that check operates as an assignment.*  Section 188 of the Negotiable Instruments Act (J. & A. ¶ 7828) has changed the rule formerly obtaining in this State under which the making and delivery of a check operated as an assignment *pro tanto* of the funds against which it was drawn.

2.  BANKS AND BANKING, § 149*—*what is not an acceptance of a check.*  The payment of a check by the drawee bank on a forged indorsement is not equivalent to a valid acceptance of the check.

3.  BANKS AND BANKING, § 149*—*when indorsement by one having same name as payee is a forgery.*  Even though one who indorses a check sent to him through a mistake of the maker bears the same name as the payee, such indorsement is a forgery.

4.  BANKS AND BANKING, § 129*—*what warranted by person presenting check for payment.*  Under sections 23, 65 and 66 of the Negotiable Instruments Act (J. & A. ¶¶ 7662, 7704, 7705), one who presents an indorsed check to the drawee for payment warrants that the check is genuine and in all respects what it purports to be and that he has title to it, and where the indorsement is forged, he becomes liable to the bank on his warranty.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXVII 6.

State Bank of Chicago v. Mid-City T. & S. Bank, 217 Ill. App. 81.

5. BANKS AND BANKING, § 149*—*when negligence of drawer of check does not relieve bank paying it.* The fact that the drawer of a check negligently mailed it to another person having the same name as the payee who thereupon indorsed the check and secured its payment by the defendant bank who in turn received payment thereon from plaintiff, the drawee bank does not relieve defendant from liability on the principle that as between two innocent persons the one whose negligence first made the injury possible must suffer the loss, where plaintiff's action is based on defendant's liability by reason of its warranty of title to the check under the Negotiable Instruments Act.

6. BANKS AND BANKING, § 149*—*when bank paying check on forged indorsement liable in tort for conversion.* Irrespective of whether a bank is liable in assumpsit to the payee of a check which had, by the drawer's negligence, been mailed to a third person bearing the same name and had been negotiated by him with a forged indorsement, the bank is liable to the payee in tort for the conversion of the check, and consequently the drawee bank may recover from the bank by which the check, bearing the forged indorsement, was presented for payment.

Appeal from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed March 9, 1920.

GUSTAV E. BEERLY, for appellant; ELLIS S. CHESBROUGH, of counsel.

THOMAS F. MONAHAN and GEORGE E. FINK, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff below, appellee here, State Bank of Chicago, sued the defendant, Mid-City Trust & Savings Bank, to recover the sum of $2,060, which it paid to said Mid-City Trust & Savings Bank, through the Chicago Clearing House, August 15, 1916.

The essential facts are not in dispute. Plaintiff and defendant are engaged in the business of banking in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the City of Chicago. On August 10, 1916, the plaintiff had as a depositor one Samuel J. Lumbard, an attorney at law. On that day he drew his check to the order of one James Glen, for the sum of $2,060 directed to the plaintiff State Bank of Chicago. On August 12, 1916, this check was presented to the State Bank without authority from the payee, which stamped across the face of the check "Accepted for $2,060, Aug. 12th, 1916. Payable through Chicago Clearing House *when properly endorsed.*"

On August 14, 1916, this check was deposited with the defendant, Mid-City Trust & Savings Bank, by one James Glen, who was a depositor in that bank, and who indorsed the check in blank upon the back of it. On the 15th of August, 1916, the said check was indorsed in writing on the back thereof by defendant, "Mid-City Trust & Savings Bank. Pay through Chicago Clearing House, Aug. 15, 1916, to the First National Bank of Chicago," and the check was duly paid on that date by the plaintiff, through the clearing house.

The James Glen who was a depositor in the defendant bank and who indorsed this check was not the payee named in the check. He was the son of the payee, and lived in the City of Chicago, but not at the same address as his father, the payee. The James Glen for whom the check was intended lived at No. 4027 Gladys avenue. The son, James Glen, lived at 2214 West Van Buren street, and apparently, through a mistake, the check was mailed to his address.

Lumbard next saw the check on the 3rd or 4th of September, when he received his August statement of account from the plaintiff bank, but did not discover that the indorsement thereon was forged until inquiry was made on behalf of the payee of the check at his, Lumbard's, office, when he was informed that the indorsement was a forgery. This was on the 9th day of September, 1916. He immediately notified the State

Bank of Chicago and the cashier of that bank at once telephoned to the defendant bank and notified it thereof, and stated that it would be expected to make the loss good. On the 11th of September the payee, James Glen, according to the custom, made an affidavit in writing, stating that he was the real payee and rightful owner of the check; that the indorsement of James Glen which appeared thereon was not his signature, but was a forgery, etc. This affidavit was delivered to the plaintiff State Bank with the check attached thereto, and was by it delivered to the defendant bank, which, after investigating on September 23, 1916, returned it to the plaintiff bank, refusing the request for a remittance to cover the item, but with the assurance that in the event any action was brought against the State Bank by the maker of the check "this bank will interpose the necessary and proper defense in the case."

On December 19, 1916, at the State Bank, James Glen, the real payee, indorsed the check of August 10, 1916, asked payment and was paid the amount thereof in current funds by plaintiff.

The evidence showed that when the check of August 10, 1916, was drawn by Lumbard he handed it to his stenographer and told her to send it to James Glen. She had before this written several letters to James Glen and Lumbard did not tell her the address of James Glen, the payee, at this time.

The declaration was in two counts, each of which alleged that the indorsement of James Glen was forged, and that the defendant gained no title to the check. Both alleged the acceptance of the check by plaintiff upon its face. The second count alleged that defendant guaranteed the genuineness of the prior indorsement of James Glen, and both counts set up the presentation and payment by the plaintiff through the clearing house, and the demand upon the defendant for repayment.

The defendant pleaded nonassumpsit and gave notice of special defenses. It alleged negligence of Lumbard in mailing the check to James Glen at 2214 West Van Buren street, Chicago, Illinois, which was the proper address of the James Glen who was the defendant's depositor, that defendant credited the check to the account of said James Glen, and the amount thereof was withdrawn by him, and that if Lumbard intended to issue said check to any other James Glen, the address of said intended recipient was well known to Lumbard, or could have been known by the use of ordinary diligence. That defendant had no knowledge or notice of the existence of any James Glen other than its depositor and customer.

The further special defense was set up that the acceptance of the check by plaintiff on August 12, 1916, was not procured by the James Glen alleged by plaintiff to be the payee of the check, either directly or by any one who was his agent or in privity with him, and so, as between the plaintiff bank and the said payee, James Glen, the aforesaid acceptance was a nullity, and that under the facts set forth the plaintiff is estopped from claiming any liability against the defendant on account of the payment of the aforesaid check.

At the close of the evidence the defendant moved to instruct the jury to find the issues for the defendant and this motion was renewed at the close of all the testimony. Both motions were denied. The defendant offered to prove that the check on which plaintiff sued was mailed by Lumbard to James Glen at 2214 West Van Buren street, Chicago, Illinois, postage prepaid, and that this was the proper and correct address of James Glen, Jr., but the court refused to receive this and similar evidence.

The case was submitted to the jury and at the request of the defendant an instruction was given to the effect that it was the duty of the maker of the check upon the discovery that the indorsement thereon was

86     APPELLATE COURTS OF ILLINOIS.

State Bank of Chicago v. Mid-City T. & S. Bank, 217 Ill. App. 81.

forged to give immediate notice to the plaintiff bank; that if such notice was not given and by reason thereof "the plaintiff bank and the defendant bank both lost an opportunity to protect themselves from loss, then the plaintiff bank was relieved from liability for paying the check on a forged endorsement, and, not being liable, cannot recover against the defendant bank." The jury brought in a verdict for the plaintiff for the amount of the check with interest, and motions for new trial and in arrest of judgment being overruled, a judgment for the plaintiff was entered.

The defendant here contends that the court erred in refusing to instruct the jury to find for the defendant. It argues that since the passage of the Negotiable Instruments Act of 1907 (J. & A. ¶ 7618 et seq.), a bank is not liable to the payee of a check unless it has accepted it; that plaintiff did not in fact accept the check; that the certification stamp having been procured by an unauthorized person was, in fact, a nullity, and that plaintiff bank was therefore not liable to the payee thereon. Further, that there can be no liability of plaintiff to its depositor, Lumbard, because Lumbard is estopped by his negligence in sending the check in question to the wrong James Glen at the wrong address. It says, as the plaintiff bank was liable neither to the payee, James Glen, nor to its depositor, Lumbard, it was not injured through the payment of the amount of this check on the forged indorsement, and there being no injury to plaintiff, plaintiff cannot recover.

Section 188 of the Negotiable Instruments Act, Hurd's Rev. St. 1917, ch. 98, p. 2018 (J. & A. ¶ 7828), provides: "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the banker is not liable to the holder, unless and until it accepts or certifies the check." This section has undoubtedly changed the rule of law as formerly laid down in *Munn*

*v. Burch,* 25 Ill. 35, which held that the making a delivery of a check operated as an assignment *pro tanto* of the funds deposited with the bank against which the check was drawn.

There are authorities to the effect that a bank is not liable to the payee of the check on an acceptance made upon the request of an unauthorized person. *Myers v. Union Nat. Bank,* 27 Ill. App. 261; *Thomson v. Bank of British North America,* 82 N. Y. 1; *Goshen Nat. Bank v. Bingham,* 118 N. Y. 349. Nor do we think the payment of the check was equivalent to a valid acceptance of it as appellee contends. *Rauch v. Bankers Nat. Bank of Chicago,* 143 Ill. App. 625.

Nevertheless we are not convinced by the defendant's arguments. The indorsement of James Glen upon the check was a forgery. *Mead v. Young,* 4 T. R. 28; *Beattie v. National Bank of Illinois,* 174 Ill. 571. Section 23 of the Negotiable Instruments Act, Hurd's Rev. St. ch. 98, p. 2003 (J. & A. ¶ 7662) provides:

"Where a signature is forged or made without authority, it is wholly inoperative, and no right to retain the instrument or to give a discharge thereof, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

Sections 65 and 66 of the same act provides, in substance, that every indorser negotiating an instrument by delivery warrants that the instrument is genuine and in all respects what it purports to be, and that the indorser has a good title to it. The presentation of the check with indorsements thereon amounted to a representation to plaintiff that defendant had title to the check. The defendant thus became liable on its warranty.

It is urged by defendant that plaintiff bank was not liable to its depositor Lumbard, because of his neg-

ligence in sending the check to the wrong address. Defendant cites *Weisberger Co. v. Barberton Sav. Bank*, 84 Ohio St. 21, where under similar circumstances a depositor brought suit against a drawee bank, and the decision was for the bank on the theory that as between two innocent parties, the one whose negligence first made the injury possible must suffer the loss. But we do not think that principle applicable in a case like this where the suit is based on the defendant's liability by reason of its warranty of title to the check under the Negotiable Instruments Act.

We do not think defendant can be relieved from its statutory liability simply because as between the drawer and drawee of the check the latter might raise such a question.

Moreover, we think, irrespective of whether the plaintiff bank was liable to the payee of the check in assumpsit (which we do not think it necessary to decide), it was liable to him in tort for the conversion of the check, and plaintiff was, therefore, clearly entitled to recover from defendant in the action. *Bentley, Murray & Co. v. LaSalle St. Trust & Savings Bank*, 197 Ill. App. 322; *Hassell v. State Bank of West Pullman*, 210 Ill. App. 373; *Rauch v. Fort Dearborn Nat. Bank*, 223 Ill. 507.

*Affirmed.*

MR. JUSTICES BARNES and GRIDLEY concur.