DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1924.

---

## State Bank of Chicago, Appellant, v. Mid-City Trust and Savings Bank, Appellee.

### Gen. No. 28,541.

1. NEGOTIABLE INSTRUMENTS—*negligence of drawer no defense to payment on forged indorsement.* Negligence of the drawer of a check whereby payment on a forged indorsement was made possible is no defense to an action by the bank on which such check was drawn against the bank which cashed it on the forged indorsement and put it through the clearing house for collection, since neither the plaintiff nor the drawer owed any duty to defendant to prevent the check from getting into the hands of one with power to forge the payee's name.

2. NEGOTIABLE INSTRUMENTS—*when liability for payment on forged check determinable under warranty of indorsement.* An action by the drawee of a check to which the payee's name had been forged against the bank which paid it on the forged indorsement and cleared it for collection through the clearing house to plaintiff is not governed by Negotiable Instruments Act, sec. 23, Cahill's Ill. St. ch. 98, ¶ 43, relative to forged signatures and restricting recovery thereon except as against persons precluded from setting up such forgery, but by sections 65 and 66, ¶¶ 85, 86, relative to the warranty of an indorser, where neither the drawer nor the plaintiff is estopped by any alleged negligence of the drawer whereby the forgery was made possible.

(186)

3. NEGOTIABLE INSTRUMENTS—*when negligence of drawer no defense against drawee suing as nominal plaintiff.* Alleged negligence of the drawer whereby payment of a check drawn by him was made payable on a forged indorsement is not available as a defense in an action by the drawee bank against the bank which paid the check on a forged indorsement and cleared it for collection against such drawee through the clearing house where such negligence would not be a defense against the real party in interest, and as to such defense it is immaterial whether plaintiff is a nominal or the real plaintiff in interest.

4. NEGOTIABLE INSTRUMENTS—*liability of drawee of check to drawer for payment on forged indorsement.* Recovery against an indorser which paid a check on a forged indorsement is not defeated in an action by the drawee bank against such indorser on its warranty of indorsement by the fact that the drawer of the check has put up his check to indemnify plaintiff for payment to the real payee and for the costs of suit and attorneys' fees, where regardless of such agreement the plaintiff remains liable to the drawer of the check, either on its wrongful payment to defendant on the forged indorsement or for return to him of his check put up as security.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1923. Reversed and judgment entered here by stipulation for appellant. Opinion filed February 15, 1924. *Certiorari* denied by Supreme Court (making opinion final).

GEORGE E. FINK and T. F. MONAHAN, for appellant.

GUSTAV E. BEERLY, for appellee; ELLIS S. CHESBROUGH, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This case comes here for the second time. On the first trial we affirmed a judgment for the plaintiff, State Bank of Chicago (217 Ill. App. 81). The Supreme Court reversed the judgment and remanded the cause for a new trial (295 Ill. 599). On the second trial there was a judgment in favor of defendant, Mid-

188 APPELLATE COURTS OF ILLINOIS.

State Bk. of Chicago v. Mid-City Tr. & Sav. Bk., 232 Ill. App. 186.

City Trust and Savings Bank, from which this appeal is taken.

The suit was brought to recover the amount of a check for $2,060, drawn on the State Bank and paid through the Chicago clearing house after it had been deposited in the Mid-City Bank with a forged indorsement thereon of the payee's name, and after it had been indorsed for collection through the clearing house by the latter bank.

The main facts are not in question. One Lumbard, a lawyer and depositor in the State Bank, drew his check thereon, dated August 10, 1916, to the order of James Glen, and directed his stenographer to mail it to him. Through negligence or mistake she addressed the envelope containing it to 2214 West Van Buren street, Chicago, the residence of James Glen, a son of the payee, instead of 4027 Gladys avenue, Chicago, the residence of the payee. There was testimony to the effect that after his discovery of the forgery Lumbard stated that he had directed his stenographer to look up Glen's address in the telephone directory and mail him the check. The address of the son only appeared in the directory. The son presented the check to the State Bank for acceptance, which was stamped thereon, and deposited it in the Mid-City Bank, in which he was a depositor, with his indorsement thereon. The latter bank credited it to his account, and indorsed it for payment through the clearing house and it was paid August 15. The canceled check was returned to Lumbard with his bank statement for the month of August, on September 3 or 4. Not until inquiry made of him September 9 about the account represented by the check did Lumbard learn that the indorsement was not that of the payee. That fact was immediately communicated by him to the State Bank and by it in turn to the Mid-City Bank, and an affidavit as to the fact of forgery was transmitted to the Mid-City Bank on September 11, the next business day. At that time, and in fact as the evidence indicates, before the can-

celed check was returned to Lumbard, James Glen, the son, had drawn out and dissipated all of his account in the Mid-City Bank except $60. The Mid-City Bank refused to reimburse the State Bank on this state of facts but offered to defend any suit that might be brought against it by Lumbard.

Before this suit was brought Lumbard entered into an arrangement with the State Bank whereby the suit would be instituted in its name and be conducted by his associate, attorney Monahan, in co-operation with the bank's attorney, Lumbard, to save the bank harmless from costs and attorneys' fees in the litigation. Also pursuant to the arrangement the payee on December 19, 1916, went to the bank with Monahan, indorsed the check and received its cashier's check for the face thereof. On the same day Lumbard sent his check to the bank for that amount in a letter requesting the bank to hold the check as a special deposit to indemnify it for the amount so paid to the payee, and saying that if the suit did not result in recovery from the Mid-City Bank then the State Bank was to apply said special deposit to reimburse it for such payment. On the same day the bank charged Lumbard's check for such deposit to his account, and its cashier's check to a contingent account.

The declaration on which the first trial was had consisted of two special counts, the first based upon lack of title to the check in defendant owing to the forgery, and the second upon its warranty of the forged indorsement. Both counts contained allegations to the effect that the check was accepted by the State Bank. The Supreme Court held that in view of such allegations acceptance of the check was an essential element of the cause of action, the legal effect of the declaration being to deny liability of the State Bank to the drawer and aver liability to the payee, and that payment of the check upon a forged indorsement did not operate as an acceptance in favor of the true owner. In effect the court's reversal was based

on a variance between the proof and the declaration. It said, however, that if these allegations respecting acceptance were stricken the declaration would still state a cause of action against defendant, but a different and inconsistent one.

On the second trial the declaration was amended by eliminating said allegations and by adding the common counts. Defendant filed a plea of non assumpsit supported by its amended affidavit of merits, and the first point made by appellant is that the court erred in refusing to strike said affidavit of merits. It set up the relations of the several parties and the facts connected with the passing and payment of the check substantially as above stated, charging negligence on the part of Lumbard in sending the check to the wrong person, lack of diligence in notifying it of the forgery, that plaintiff had suffered no loss and has charged Lumbard with the amount of the check, and as a conclusion that Lumbard was estopped from enforcing payment of the check against plaintiff and plaintiff from claiming any liability against defendant.

The gist of the defense is estoppel by negligence. That such a defense cannot be made in an action of this kind has already been decided in this State. A similar question was presented in *Hamlin's Wizard Oil Co. v. United States Exp. Co.*, 265 Ill. 156, and *Crahe v. Mercantile Trust & Savings Bank,* 295 Ill. 375. In each a recovery was sought against a bank that had cashed a negotiable instrument upon a forged indorsement, and estoppel based upon negligence of the payee whereby the forgery became possible was set up as a defense. Each decision rested upon whether the defendant owed the plaintiff a legal duty, on account of the relation of the parties, to exercise ordinary care for the safety of the defendant in dealing with the checks and drafts, and held that where there is no legal duty to exercise care there is no negligence in law, and that while there was negligence on the part of the payee, in the absence of such duty

plaintiffs were not estopped and negligence was no defense, citing to the same effect *Shepard & Morse Lumber Co. v. Eldridge,* 171 Mass. 516, and *People v. Bank of North America,* 75 N. Y. 547. In the *Wizard Oil Co.* case the court said:

"The general rule is, that a person or corporation called upon to act upon the faith of a written instrument, including an indorsement of commercial paper, must ascertain its genuineness at his peril."

Defendant stood in the relation of every other indorser, and was bound to ascertain at its peril the genuineness of the prior indorsement it undertook to warrant. Plaintiff owed it no duty with respect to the transaction that would relieve it from such responsibility and liability. Nor under the authorities cited was Lumbard under any legal duty either to plaintiff or defendant to see that his check did not get into the hands of one who had the power to forge the payee's name. If, therefore, the doctrine of estoppel cannot be invoked on the facts in the instant case, there being an entire absence of duty owing to defendant on which negligence can be based, then defendant's contention that the case is governed by section 23 instead of sections 65 and 66 of the Negotiable Instruments Act [Cahill's Ill. St. ch. 98, ¶¶ 43, 85, 86] is untenable. This is not a case where any of the parties to the instrument are precluded from setting up the forgery. So far, therefore, as the amended affidavit of merits set up a defense predicated upon negligence and lack of diligence, it should have been stricken.

While we cannot agree with the contention that sending the check to the wrong person, or the failure of Lumbard to scrutinize his canceled checks on their return to him constituted negligence, or that there was a lack of diligence on plaintiff's part in transmitting to defendant notice of the forgery, yet neither constituted a legal defense to defendant's liability on its warranty.

If, as urged by appellee, the State Bank under the

192    APPELLATE COURTS OF ILLINOIS.

State Bk. of Chicago v. Mid-City Tr. & Sav. Bk., 232 Ill. App. 186.

arrangement aforesaid is merely a nominal plaintiff, it may be conceded, as contended, that any defense open against Lumbard as real plaintiff would be available to defendant. But as under the facts of the case neither Lumbard nor the State Bank owed defendant any duty, it is immaterial as to the defenses made whether the State Bank is a nominal or the real plaintiff in interest.

Nor can we agree with the contention that by said arrangement the bank suffers no loss and therefore cannot recover in this action. The effect of that arrangement was that the drawee paid the actual payee and received the drawer's check as security therefor in case it was not reimbursed by recovery in this action. If there was no recovery the result of that transaction would be that the drawer's check was paid twice out of his account, and the drawee would still be liable to him as its depositor for the wrongful payment made on the forged indorsement. If there be a recovery, then the bank would be obligated to return the security given for the payment to the payee from its own funds. Theoretically, therefore, the bank is the loser in the transaction and will remain so unless it recovers in this suit.

We do not think, therefore, the facts either as shown by the evidence or as set forth in the affidavit of merits constituted a valid defense. Hence the motion to strike the affidavit of merits and the motion to strike the evidence on which negligence is predicated should have been allowed, and it was error to give instructions complained of which support defendant's theory of negligence and estoppel therefrom.

After filing an opinion as above expressed we entered an order reversing the judgment and remanding the cause. Since then the parties, in view of the fact that the appellee has no other or different defense, have stipulated that the order be vacated and that a judgment be entered here in favor of appellant against

appellee in the sum of $2,060, with interest at five per cent per annum from August 15, 1916, without prejudice to the right of appellee to seek a review of the same by the Supreme Court, the intention being to avoid the necessity of further proceedings in the trial court which, following the views above expressed, must as a matter of law, the facts being undisputed, result in such a judgment.

Accordingly the judgment will be reversed and, as stipulated, a judgment will be entered here for said sum with interest, amounting to $2,832.50, without prejudice to the right to seek review by certiorari.

*Judgment reversed and judgment entered here by stipulation for appellant.*

GRIDLEY, P. J., and FITCH, J., concur.