[Civ. No. 7466. First Appellate District, Division Two.—January 28, 1931.]

ACME GRAVEL COMPANY (a Corporation), Respondent, v. J. A. BRYANT, Appellant.

Morgan J. Doyle, George D. Perry and Humphrey, Searls, Doyle & McMillan for Appellant.

John L. McNab for Respondent.

LUCAS, J., *pro tem.*—This action was brought by respondent against appellant to recover the sum of $2,153.88 for building materials furnished appellant by respondent. In his answer appellant admitted the purchase of said building materials but alleged that said materials were delivered to him to be used in the construction of a certain apartment hotel in Oakland under an oral understanding and agreement that seventy-five per cent of the sale price of said materials should be paid for in cash and that the balance should be paid for in the preferred capital stock of the building corporation engaged in erecting said apartment hotel. At the trial it was admitted that if appellant's contention was correct, respondent was entitled to $553.88 in cash and $1600 worth of said stock; that this amount of cash and stock had been delivered to respondent prior to the commencement of the action, but that respondent had refused to accept the same.

The trial court found against the existence of the agreement relied upon by appellant. A motion for a new trial was made and denied, and appeal is taken from the judgment.

The sole question for this court to decide is whether or not the evidence is sufficient to justify the findings of the

trial court and to justify its action in denying appellant's motion for a new trial.

Appellant produced but one witness, namely, Robert F. Morris, engineer and second in charge for appellant, who testified that one Nugent, salesman for respondent, solicited from him an order for the building materials in question and was told that to secure the order it would be necessary for respondent to take twenty-five per cent of the value of the materials in stock; that Nugent advised he would have to take the matter up with his company, and that three or four days later he returned and stated in effect that the stock would be accepted as part payment. Thereupon deliveries began.

In answer to this, E. B. Kendall, vice-president of the respondent corporation, testified that he had never heard of the claim that part of the materials were to be paid for in corporate stock until after the completion of the building in which they were used; that no one on behalf of respondent had ever been authorized to accept other than cash in payment of materials; that it was the general order of the respondent corporation that any proposal for the taking of stocks or securities or anything out of the usual line of business must be taken up with the general office; that all employees were instructed not to agree to take stock in part payment for materials; that the respondent corporation had never engaged in any transaction with anyone for the acceptance of stock as such part payment, and that Nugent was only a salesman, and had no authority whatsoever as an officer of the company.

William H. Ford, president and sole owner of the respondent corporation, testified in effect that neither he nor anyone else in authority had ever authorized Nugent to negotiate a sale of materials for anything other than cash, and that he had never accepted anything but cash for materials; that as to the particular materials in question no one was authorized to take anything but cash in payment therefor, and that the first time the corporation ever heard of appellant's contention was after appellant had been pressed for payment of the amount due. He further testified that Nugent had admitted to him that while something had been said about taking stock as part payment for the

materials, there was no agreement so to do. The said Nugent did not appear as a witness at the trial, his whereabouts being unknown.

It is appellant's contention that this evidence is sufficient to justify the conclusion that Nugent did enter into an agreement with appellant to take part payment in corporate stock, and that although by so doing he violated positive instructions, his acts were nevertheless binding upon his principal. The theory is advanced that one who employs another to make a sale becomes responsible for the methods which he adopts in so doing, and that, as was said in the case of *Henry Cowell Lime & Cement Co.* v. *Santa Cruz County Nat. Bank,* 82 Cal. App. 519 [255 Pac. 881, 883], "where a principal makes it possible, through his acts, for his own agent to inflict injury, the result of such injury should not be passed on to innocent persons who have dealt with the agent in good faith under his apparent authority".

In the Cowell case, however, the court further said that "A loss through the trust and confidence placed by a principal in his agent should not be borne by those *who were led to deal with the agent through the acts of the principal*", and in holding the principal responsible for the loss referred to therein, pointed out with a great deal of particularity the different acts and transactions of the agent which had been either permitted or acquiesced in by his principal and which were sufficient to lead those with whom the agent was dealing to believe that he was clothed with ample power and authority. In other words, a case of ostensible agency was clearly established.

It is elementary that an agent has only such authority as the principal either actually or ostensibly confers upon him. (Sec. 2315, Civ. Code.)

"Actual authority is such as a principal intentionally confers upon the agent, or intentionally, or by want of ordinary care, allows the agent to believe himself to possess." (Sec. 2316, Civ. Code.)

"Ostensible authority is such as a principal intentionally or by want of ordinary care causes or allows a third person to believe the agent to possess." (Sec. 2317, Civ. Code.)

Here there is neither proof of actual authority nor of any act or omission on the part of the respondent corporation,

or any of its officers, sufficient to establish ostensible authority.

The judgment appealed from is therefore affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 27, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 26, 1931.