DAKOTA RADIO APPARATUS COMPANY, Respondent, v. THE FIRST NATIONAL BANK, RAPID CITY, Appellant.

(244 N. W. 351.)

(File No. 7256. Opinion filed September 27, 1932.)

*Denu & Philip,* of Rapid City, for Appellant.
*Bangs & Rudesill,* of Rapid City, for Respondent.

ROBERTS, J. The Sweeney Hardware Company of Rapid City, S. D., issued its check upon the defendant bank, payable to the order of the Dakota Radio Apparatus Company. It was delivered to C. F. Krieger, plaintiff's salesman. The check was indorsed by Krieger, presented by him to the Pennington County Bank of Rapid City, S. D., cashed, transmitted for clearance by that bank in the regular course of business to the defendant bank on which it was drawn, and charged to the account of the drawer.

Plaintiff in its complaint alleges that the check was indorsed and presented for payment by Krieger, who was not at any time

authorized by the plaintiff to indorse checks, and that the money received upon the check was appropriated by him to his own use. The execution of the check and its delivery to Krieger are admitted by the answer, and the undisputed evidence is that Krieger was a salesman employed by the plaintiff company, and that the indorsement on the back of the check was in the handwriting of Krieger. No evidence was offered by the defendant. Plaintiff moved for a directed verdict, and a like motion was made by the defendant. The court dismissed the jury, and made and entered findings and conclusions for the plaintiff, and rendered judgment thereon.

Thereafter the court on its own motion entered an order opening the case for the reception of further testimony and for trial before the court without a jury. The court recites in its order that the plaintiff offered proof tending to establish the fact that Krieger, who, under the undisputed testimony, had received from the defendant the proceeds of the check referred to in plaintiff's complaint, had failed to pay over such proceeds to the plaintiff company, and that the court sustained the objection of the defendant to the testimony so offered, and in so doing expressed the opinion that the burden of proof to establish the fact that the proceeds of the said check were never accounted for to the plaintiff, and the further fact that Krieger had no authority to cash or indorse the check rested upon the defendant and not upon the plaintiff. The court gave for its reason for entry of the order permitting submission of further testimony that its ruling on burden of proof was erroneous.

The form of the complaint is for the recovery of damages for conversion of a check. Plaintiff states in its brief that the allegations of the complaint with respect to the misappropriation of the amount of the check by Krieger are surplusage, and insists on this appeal that the payment of the check shows acceptance by the defendant bank and that the acceptance of the check creates a liability of the bank to plaintiff payee.

Section 1887, Rev. Code 1919, provides that the provisions of the Negotiable Instruments Act applicable to bills of exchange shall apply to checks. Section 1835, Rev. Code 1919, requires the acceptance of a bill to be in writing signed by the drawee. Section 1891, Rev. Code 1919, reads as follows: *"Check Not an*

*Assignment.* A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check."

A check does not operate as an assignment pro tanto of the funds on deposit to the credit of the drawer, and the drawee bank is not liable to the holder, unless and until the bank accepts the check in writing. The doctrine of equitable assignment, which is not here involved, has been recognized as an exception to the rule. Boyle v. Vivian State Bank, 55 S. D. 441, 226 N. W. 579.

The bank to which the check was first presented, the Pennington County Bank, cashed, indorsed, and transmitted the check to the defendant bank. The latter stamped it "Paid," and made no other notation thereon except the date. The precise question has not been before this court, but in other jurisdictions, where the provisions of the Uniform Negotiable Instruments Act have been construed, the great weight of authority is to the effect that the payment of a check upon a forged or unauthorized endorsement and the stamping of it "paid" does not constitute an acceptance. State Bank v. Mid-City Trust & Sav. Bank, 295 Ill. 599, 129 N. E. 498, 12 A. L. R. 989; Anderson v. Nat. Bank of Tacoma, 146 Wash. 520, 264 P. 8; Balt. & Ohio Ry. Co. v. First Nat. Bank, 102 Va. 753, 47 S. E. 837; Gasper v. Security State Bank, 109 Neb. 495, 191 N. W. 654; Fed. Land Bank v. Collins, 156 Miss. 893, 127 So. 570, 69 A. L. R. 1068; Annotations, 14 A. L. R. 764, and 69 A. L. R. 1076.

First National Bank of Pukwana v. Brule National Bank of Chamberlain, 38 S. D. 396, 161 N. W. 616, 12 A. L. R. 1079; Id., 41 S. D. 87, 88, 168 N. W. 1054, was not an action on a check by the payee. The facts presented in that case were that the name of the drawer was forged; that the check was cashed by defendant bank, and transmitted to the plaintiff bank upon which the check was drawn. The plaintiff bank, having reimbursed its depositor for the amount of the check, instituted action against the defendant bank, and the principal question involved was the right of a drawee to recover money from a bank which cashed a check upon the forged signature of the drawer.

Counsel for the respondent cites Turner v. Hot Springs National Bank, 18 S. D. 498, 101 N. W. 348, 112 Am. St. Rep. 804,

5 Ann. Cas. 937, in support of the contention that a check operates as an assignment pro tanto of the funds on deposit to the credit of the depositor. This decision was rendered in 1904, prior to the enactment of the Negotiable Instruments Law in this state, and is not now the law.

We conclude, therefore, that the charging of the check to the drawer under the facts appearing of record was not the equivalent to the acceptance of a check in writing, and that an action could not be maintained by the payee on the check against the defendant bank. Respondent submits that its "case consisted in the ownership of a check which was accepted by the bank." Since acceptance was an essential element of the cause of action, and there was no evidence of an acceptance, no liability against defendant was established. Disposition of this question presented on defendant's motion for directed verdict renders inquiry into other phases of the appeal immaterial.

The judgment appealed from is reversed, with directions to dismiss the complaint.

CAMPBELL, P. J., and POLLEY, WARREN, and RUDOLPH, JJ., concur.